UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges Fulton, Ortiz and Raphael

D'NIQUA KESHAE WILLIAMS

v.      Record No. 0869-21-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION*
PER CURIAM
MAY 17, 2022

FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
Bryant L. Sugg, Judge

(Scott Michael Ehrenworth, on brief), for appellant.  Appellant
submitting on brief.

(Jason S. Miyares, Attorney General; Justin B. Hill, Assistant
Attorney General, on brief), for appellee.


Appellant, D'Niqua Keshae Williams, appeals from the decision of the Circuit Court of the

City of Newport News revoking and resuspending a portion of her previously suspended sentence.

Appellant contends that the trial court abused its discretion by imposing four months of her ten-year

suspended sentence because "the absconding amounted to simple confusion on [her] part, [she]

maintained steady employment, and she avoided incurring any new criminal charges."  Appellant

waived oral argument but the Commonwealth did not.  After examining the briefs and record in this

case, the panel unanimously holds that oral argument is unnecessary because "the appeal is wholly

without merit."  Code § 17.1-403(ii)(a); Rule 5A:27(a).  We affirm the decision of the trial court.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND

On May 31, 2019, the trial court convicted appellant of burglary and imposed a sentence of ten years' imprisonment, with all time suspended.[1] Appellant's suspended sentence was conditioned on one year of supervised probation, which included appellant "comply[ing] with all rules and requirements set by the Probation Officer, to include drug testing/treatment and an anger management program."

Approximately nine months later, appellant's probation officer filed a major violation report and requested that a capias be issued because appellant had not complied with the conditions of probation. Appellant had tested positive for illegal substances, had failed to report for color code, had failed to report for intake appointments with South Eastern Family Project, and had not yet begun or completed anger management. The trial court issued a rule to show cause. Appellant appeared before the court, and the matter was continued. Appellant's probation officer subsequently filed an addendum, reporting that appellant had absconded from supervision. After appellant did not appear at the continued hearing, the trial court issued a capias. Appellant was arrested and released on bond. Appellant's probation officer then informed the trial court that appellant had failed to report and maintain contact as instructed.

At the revocation hearing, the trial court received into evidence the probation officer's major violation report and addenda. Appellant acknowledged that she had failed to maintain contact with her probation officer for several reasons. Appellant stated that she was "confused" because of the various court dates and the changes with her probation officer. Appellant further offered that she had broken her foot and was dealing with the death of her sister from coronavirus. She stated that she had problems with her mail and had "just recently got the letter" from her probation officer

---

[1] The trial court also convicted appellant of misdemeanor assault and battery and imposed a sentence of twelve months' incarceration, with all time suspended.

about a missed meeting. And appellant explained that she had failed to contact her probation officer because she was preoccupied with her job and her children.

At the conclusion of the evidence, the Commonwealth emphasized that it was appellant's "duty to follow up [with her probation officer] and follow the terms and conditions of the [c]ourt." The Commonwealth argued that probation "was not a priority for her, and she needs to face some consequences for not making it a priority." The Commonwealth noted that the guidelines recommended an active sentence between three months and one year. It asked the trial court to revoke appellant's previously suspended sentence and impose an active sentence of "at least 3 months." Although appellant acknowledged that she did "need to face consequences," she emphasized that she had not "pick[ed] up" any new charges and that she had a job. Appellant asked the trial court to deviate downward from the guidelines or sentence her at the low end of the guidelines. In allocution, appellant asked the trial court to consider that she was a single mother of four "small children," ranging from one to seven years of age.

After hearing the evidence and arguments, the trial court advised appellant that she needed to stay in contact with her probation officer or to ask her attorney for help. The trial court found appellant in violation of her probation, revoked her previously suspended sentence, and resuspended all but four months. This appeal followed.

ANALYSIS

Appellant argues that the trial court abused its discretion when it revoked her previously suspended sentence and imposed an active sentence of four months. After suspending a sentence, a trial court "may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court." Code § 19.2-306(A). "When a defendant fails to comply with the terms and conditions of a suspended sentence, the trial court has the power to revoke the suspension of the sentence in whole

- 3 -

or in part." *Alsberry v. Commonwealth*, 39 Va. App. 314, 320 (2002). "In revocation appeals, the trial court's 'findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion.'" *Jacobs v. Commonwealth*, 61 Va. App. 529, 535 (2013) (quoting *Davis v. Commonwealth*, 12 Va. App. 81, 86 (1991)). "The evidence is considered in the light most favorable to the Commonwealth, as the prevailing party below." *Id.*

Appellant acknowledges that the trial court had the authority to revoke her suspended sentence for failure to comply with the terms of probation. Nevertheless, appellant maintains that the trial court's sentence was "excessively harsh" and "unwarranted under the totality of the circumstances." Appellant argues that although she "undoubtedly violated the conditions of her probation by failing to maintain contact with her probation officer, [she] didn't simply disappear and live life on the lam." Appellant notes that she had "maintained employment . . . , supported her four young children as a single parent, and did not incur any new criminal charges, aside from the probation violation charge."

"The statutes dealing with probation and suspension are remedial and intended to give the trial court valuable tools to help rehabilitate an offender through the use of probation, suspension of all or part of a sentence, and/or restitution payments." *Howell v. Commonwealth*, 274 Va. 737, 740 (2007). By continuing to disregard the terms of her suspended sentence, appellant demonstrated that she was not amenable to rehabilitation. "When coupled with a suspended sentence, probation represents 'an act of grace on the part of the Commonwealth to one who has been convicted and sentenced to a term of confinement.'" *Hunter v. Commonwealth*, 56 Va. App. 582, 587 (2010) (quoting *Price v. Commonwealth*, 51 Va. App. 443, 448 (2008)). Appellant failed to make productive use of the grace that had been extended to her.

The uncontroverted evidence establishes that appellant violated the conditions of her probation by failing to maintain contact with her probation officer. At the revocation hearing, the

trial court heard appellant's testimony about her family circumstances and why she failed to maintain contact with her probation officer. Appellant testified that she was "confused . . . [about who her] probation officer was" and that she was not receiving her mail. Appellant also expressed that she had several personal reasons that kept her preoccupied and unable to contact her probation officer, including an injury, her job, caring for her children, and the loss of her sister. It was within the trial court's purview to weigh any mitigating factors appellant presented. *Keselica v. Commonwealth*, 34 Va. App. 31, 36 (2000). The record establishes that the trial court had sufficient cause to revoke appellant's suspended sentence. Accordingly, we hold that the sentence the trial court imposed represents a proper exercise of discretion. *See Alsberry*, 39 Va. App. at 321-22 (finding that the court did not abuse its discretion by imposing the defendant's previously suspended sentence in its entirety "in light of the grievous nature of [the defendant's] offenses and his continuing criminal activity").

Moreover, to the extent that appellant argues that her sentence was disproportionate, this Court declines to engage in a proportionality review in cases that do not involve life sentences without the possibility of parole. *Cole v. Commonwealth*, 58 Va. App. 642, 653-54 (2011). We noted in *Cole* that the Supreme Court of the United States "has never found a non-life 'sentence for a term of years within the limits authorized by statute to be, by itself, a cruel and unusual punishment' in violation of the Eighth Amendment." *Id.* at 653 (quoting *Hutto v. Davis*, 454 U.S. 370, 372 (1982) (*per curiam*)). *Cf. Vasquez v. Commonwealth*, 291 Va. 232, 243 (2016) (rejecting Eighth Amendment challenge to 133-year active sentence because the sentence was imposed for "eighteen separate crimes").

### CONCLUSION

For the foregoing reasons, the trial court's decision is affirmed.

*Affirmed.*