COURT OF APPEALS OF VIRGINIA

Present:  Judges Russell, Chaney and Callins

UNPUBLISHED

BARRY SAMUEL CAMDEN

v.       Record No. 1056-21-3

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*]
PER CURIAM
MAY 24, 2022

FROM THE CIRCUIT COURT OF BOTETOURT COUNTY
Malfourd W. Trumbo, Judge Designate

(Scott E. Gardner, on brief), for appellant.

(Jason S. Miyares, Attorney General; Mason D. Williams, Assistant
Attorney General, on brief), for appellee.  Appellee submitting on
brief.


Barry Samuel Camden appeals from the decision of the Circuit Court of Botetourt County

revoking his previously suspended sentence and imposing a one year and six-month active sentence.

He contends that the trial court abused its discretion by imposing a sentence one year above the

sentencing guidelines without explanation or cause.  After examining the briefs and record in this

case, the panel unanimously holds that oral argument is unnecessary because "the appeal is wholly

without merit."  Code § 17.1-403(ii)(a); Rule 5A:27(a).  We affirm the decision of the trial court.

BACKGROUND

"In accordance with familiar principles of appellate review, the facts will be stated in the

light most favorable to the Commonwealth, the prevailing party [below]."  *Poole v. Commonwealth*,

73 Va. App. 357, 360 (2021) (quoting *Gerald v. Commonwealth*, 295 Va. 469, 472 (2018)).

Accordingly, we discard any of appellant's conflicting evidence, regard as true all credible evidence

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

favorable to the Commonwealth, and grant the Commonwealth all inferences that may reasonably be drawn from that evidence. *Gerald*, 295 Va. at 473.

On June 11, 2015, the trial court convicted appellant of voluntary manslaughter and on September 29, 2015, sentenced him to ten years' incarceration with six years suspended. Appellant was released from incarceration on August 13, 2018.

On April 8, 2021, appellant's probation officer filed a major violation report detailing appellant's non-compliance with probation. The report stated that appellant had been charged with multiple offenses, including two counts of misdemeanor assault and battery, threatening phone calls, and extortion. The extortion charge was later amended, and appellant was convicted of using profane language over a public airway. Finally, the report noted that appellant had not made consistent restitution payments.

On June 10, 2021, the probation officer filed an addendum to the major violation report advising that appellant was charged with new offenses: two counts of assault and battery of a family member, using profane language over a public airway, and two counts of violating a protective order. A second addendum filed on August 16, 2021, reported that appellant had been convicted of all the charges articulated in the first addendum. Additionally, the addendum indicated that one count of failure to obey a court order was pending.

Probation and Parole Officer Jeanine Keffer testified at the August 30, 2021 revocation hearing that appellant had been released on parole in August 2018. After a year, he was placed on a shadow track because he had adjusted positively to probation. He was returned to Officer Keffer's office, however, because he had been arrested for and ultimately was convicted of assault and battery. Additionally, appellant had not made consistent payments toward restitution or court costs.

With the violation of the terms of the suspended sentence established, the Commonwealth argued at sentencing that the trial court should impose the remainder of appellant's suspended

sentence. The Commonwealth emphasized that appellant had several violent convictions in his past and, while on probation for voluntary manslaughter, was convicted of three additional violent offenses. The Commonwealth argued that because appellant had received the maximum penalty on two of those new convictions, his behavior suggested he is not a good candidate for probation. Appellant acknowledged that he was in violation of his probation because he had new convictions, but argued that the trial court should sentence him within the guidelines[1] because they already had taken his convictions into account both before 2015 and while on probation.

In allocution, appellant apologized for "saying vile language on the phone" and claimed that the two assault charges never happened. He further stated that his attorney explained it was in his best interest to take a plea deal regarding the assault charges.

After hearing argument from counsel, the trial court found appellant in violation of the terms and conditions of his suspended sentence. The trial court revoked the suspended sentence, imposed one year and six months of his previously suspended sentence, and placed appellant on indefinite supervised probation following his release. In the sentencing revocation report, the trial court noted it departed from the sentencing guidelines because there was a "short period from release to subsequent [assault and battery] conviction." This appeal followed.

ANALYSIS

Appellant argues that, after it found him in violation of his probation, the trial court abused its discretion by imposing the one year and six-month active sentence. After suspending a sentence, a trial court "may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court." Code § 19.2-306(A). "In revocation appeals, the trial court's 'findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion.'" *Jacobs v.*

---

[1] The guidelines suggested sentencing appellant from time served to six months.

*Commonwealth*, 61 Va. App. 529, 535 (2013) (quoting *Davis v. Commonwealth*, 12 Va. App. 81, 86 (1991)). "The evidence is considered in the light most favorable to the Commonwealth, as the prevailing party below." *Id.*

"If the court, after hearing, finds good cause to believe that the defendant has violated the terms of suspension, then the court may revoke the suspension and impose a sentence in accordance with the provisions of § 19.2-306.1." Code § 19.2-306(C). "The court may again suspend all or any part of this sentence for a period up to the statutory maximum period for which the defendant might originally have been sentenced to be imprisoned, less any time already served, and may place the defendant upon terms and conditions or probation." *Id.*

Appellant does not argue that the trial court had insufficient cause to revoke his suspended sentence. Rather, he argues that "sentencing [him] to serve one year and six months incarceration is too harsh." He asserts that the trial court abused its discretion when it imposed a sentence that is a full year above the suggested guidelines without articulating a reason. He further argues that his sentence "is excessive for a violation of probation, where the violation is a result of misdemeanor convictions wherein [he] received maximum sentences of twelve months for each assault and suspended time on minor charges."

As relevant to appellant's claim, Code § 19.2-306.1(B) provides that

> [i]f the court finds the basis of a violation of the terms and
> conditions of a suspended sentence or probation is that the
> defendant was convicted of a criminal offense that was committed
> after the date of the suspension, . . . then the court may revoke the
> suspension and impose or resuspend any or all of that period
> previously suspended.

The record demonstrates that appellant had incurred new criminal convictions during the suspension period. Thus, it was within the trial court's discretion to "impose or resuspend any or all" of the previously-suspended sentence. It was equally within the trial court's purview to weigh any mitigating factors appellant presented. *See Keselica v. Commonwealth*, 34 Va. App. 31, 36 (2000).

- 4 -

In addition, the active sentence imposed represented less than a third of the remaining six years of suspended time that was available to the trial court. Accordingly, the sentence did not exceed the statutory maximum, and therefore, did not constitute an abuse of discretion. *See Du v. Commonwealth*, 292 Va. 555, 564-65 (2016) (explaining that a trial court acts within its discretion when it imposes a sentence within the statutory range, thus foreclosing further appellate review).

Furthermore, contrary to appellant's suggestion, the trial court was not obligated to explain the specific weight it afforded to each piece of evidence. "Absent a statutory requirement to do so, 'a trial court is not required to give findings of fact and conclusions of law.'" *Bowman v. Commonwealth*, 290 Va. 492, 500 n.8 (2015) (quoting *Fitzgerald v. Commonwealth*, 223 Va. 615, 627 (1982)). Even so, the record reveals that the trial court here did articulate a reason for its upward departure from the range proposed by the sentencing guidelines: it noted that there was a "short period from release to subsequent [assault and battery] conviction."[2]

"The statutes dealing with probation and suspension are remedial and intended to give the trial court valuable tools to help rehabilitate an offender through the use of probation, suspension of all or part of a sentence, and/or restitution payments." *Howell v. Commonwealth*, 274 Va. 737, 740 (2007). By continuing to disregard the terms of his suspended sentence, appellant demonstrated that he was not amenable to rehabilitation. "When coupled with a suspended sentence, probation represents an act of grace on the part of the Commonwealth to one who has been convicted and sentenced to a term of confinement." *Hunter v. Commonwealth*, 56 Va. App. 582, 587 (2010) (internal quotation marks omitted) (quoting *Price v. Commonwealth*, 51 Va. App. 443, 448 (2008)). Appellant failed to make productive use of the grace that had been

---

[2] Regardless, "[t]he failure to follow any or all of the provisions of [Code § 19.2-298.01] or the failure to follow any or all of the provisions of [Code § 19.2-298.01] in the prescribed manner shall not be reviewable on appeal or the basis of any other post-conviction relief." Code § 19.2-298.01(F).

extended to him and continued to engage in criminal conduct during the suspension period. Accordingly, we hold that the sentence the trial court imposed represents a proper exercise of discretion. *See Alsberry v. Commonwealth*, 39 Va. App. 314, 321-22 (2002) (finding no abuse of discretion when the trial court imposed the defendant's previously suspended sentence in its entirety "in light of the grievous nature of [the defendant's] offenses and his continuing criminal activity").

Moreover, to the extent that appellant argues that his sentence was disproportionate, this Court declines to engage in a proportionality review in cases that do not involve life sentences without the possibility of parole. *Cole v. Commonwealth*, 58 Va. App. 642, 653-54 (2011). We noted in *Cole* that the Supreme Court of the United States "has never found a non-life 'sentence for a term of years within the limits authorized by statute to be, by itself, a cruel and unusual punishment' in violation of the Eighth Amendment." *Id.* (quoting *Hutto v. Davis*, 454 U.S. 370, 372 (1982) (*per curiam*)).

CONCLUSION

For the foregoing reasons, the judgment of the trial court is affirmed.

*Affirmed.*