COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:  Judges Malveaux, Fulton and Friedman


CHRISTOPHER LEE BAILEY

v.      Record No. 1064-21-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*]
PER CURIAM
JULY 19, 2022


FROM THE CIRCUIT COURT OF SOUTHAMPTON COUNTY
Carl E. Eason, Jr., Judge

(Paul A. Fritzinger, Deputy Public Defender, on brief), for appellant.
Appellant submitting on brief.

(Jason S. Miyares, Attorney General; Leah A. Darron, Senior
Assistant Attorney General, on brief), for appellee.  Appellee
submitting on brief.


Christopher Lee Bailey, appellant, appeals from the judgments of the Circuit Court of

Southampton County revoking his previously suspended sentences.  Appellant contends that the

trial court abused its discretion by revoking his previously suspended sentences and ordering him to

serve twenty-two years, the balance of those suspended sentences.

Appellant's counsel has moved for leave to withdraw.  The motion to withdraw is

accompanied by a brief referring to the part of the record that might arguably support this appeal.

A copy of that brief has been furnished to appellant with sufficient time for him to raise any

matter that he chooses.  Appellant has not filed any *pro se* supplemental pleadings.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

We have reviewed the parties' pleadings, fully examined the proceedings, and determined the case to be wholly without merit as set forth below. Thus, the panel unanimously holds that oral argument is unnecessary. Code § 17.1-403(ii)(a); Rule 5A:27(a).

BACKGROUND

"In revocation appeals, the trial court's 'findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion.'" *Jacobs v. Commonwealth*, 61 Va. App. 529, 535 (2013) (quoting *Davis v. Commonwealth*, 12 Va. App. 81, 86 (1991)). "The evidence is considered in the light most favorable to the Commonwealth, as the prevailing party below." *Id.*

On April 4, 2013, the trial court convicted appellant, upon his guilty pleas, for one count of aggravated involuntary manslaughter, in violation of Code § 18.2-36.1(B), and two counts of maiming another while driving while intoxicated, in violation of Code § 18.2-51.4. The trial court sentenced appellant to a total of thirty years of imprisonment with a total of twenty-two years suspended.

Among the conditions of appellant's suspended sentences, as specified in the plea agreement, his driver's license was suspended indefinitely and there was "zero tolerance for alcohol use, drug use, and vehicle operation." Appellant was released to supervised probation in July 2019. In October 2020, appellant was involved in a car accident, after which he was charged with driving while intoxicated after a prior felony with a blood alcohol content between .15 and .20, in violation of Code § 18.2-266, driving on a revoked license following a conviction for driving under the influence, in violation of Code § 46.2-391(D)(2), failing to stop at the scene of an accident, in violation of Code § 46.2-896, and reckless driving, in violation of Code § 46.2-853.[1] Appellant's probation officer filed a major violation report and a later addendum. The trial court issued a capias on November 5, 2020, and appellant was arrested on December 8, 2020.

_____

[1] Appellant entered guilty pleas to all four charges on April 8, 2021.

After appointing counsel, the trial court scheduled the revocation hearing for January 12, 2021. Thereafter, appellant requested four continuances, each of which the trial court granted. At the September 21, 2021 revocation hearing, appellant stipulated that he had violated the conditions of his suspended sentences, consistent with the allegations contained in the major violation report and addendum. The trial court found appellant in violation, revoked the suspended sentences, and ordered him to serve the balance of his remaining twenty-two-year sentence. The trial court emphasized that appellant's "conduct [was] lethal in the past" and found that appellant's most recent conduct demonstrated that he was nothing "other than a tremendous danger to the community." This appeal followed.

ANALYSIS

Appellant argues that the trial court abused its discretion after finding him in violation of the terms of his suspended sentences by imposing the twenty-two-year sentence. After suspending a sentence, a trial court "may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court." Code § 19.2-306(A). Moreover, under the revocation statute in effect when this revocation proceeding began, once the trial court found that he had violated the terms of the suspension, it was obligated to revoke the suspended sentences and they were in "full force and effect." Code § 19.2-306(C)(ii) (Cum. Supp. 2020).[2] The trial court was permitted—but not

_____

[2] Although Code § 19.2-306(C) was amended effective July 1, 2021, appellant does not argue that the statutory amendment applied in his case and this Court recently held that it did not apply when, as here, the probation violations occurred and the revocation proceeding began before the effective date of the amendment. *See Green v. Commonwealth*, 75 Va. App. 69, ___ & n.4 (2022). Moreover, even under the new statutory framework, the trial court has discretion to impose the balance of a previously suspended sentence when a probationer commits a new offense during the suspension period. *See* 2021 Va. Acts Sp. Sess. I, ch. 538; Code § 19.2-306.1(B).

required—to resuspend all or part of the sentences. *Id.*; *Alsberry v. Commonwealth*, 39 Va. App. 314, 320 (2002).

Appellant acknowledges that the trial court had sufficient cause to revoke his suspended sentences. Indeed, he admitted that he violated the terms of his suspended sentences. He argues only that the trial court abused its discretion by ordering him to serve the balance of his remaining twenty-two-year sentence. Appellant maintains that the trial court "significantly exceeded the guidelines recommendation, focusing solely on the community protection aspect of sentencing but did not fully consider the rehabilitative aspect." Further, appellant argues that the trial court's "community protection function would have been better served by a lesser sentence, coupled with an opportunity for meaningful inpatient [alcohol] treatment."

The record demonstrates that appellant incurred four new criminal convictions during the suspension period. Thus, it was within the trial court's discretion to impose or resuspend any or all of the previously suspended sentences. Code § 19.2-306(C) (Cum. Supp. 2020). It was equally within the trial court's purview to weigh any mitigating factors appellant presented, such as efforts to obtain substance abuse treatment. *See Keselica v. Commonwealth*, 34 Va. App. 31, 36 (2000).

"The statutes dealing with probation and suspension are remedial and intended to give the trial court valuable tools to help rehabilitate an offender through the use of probation, suspension of all or part of a sentence, and/or restitution payments." *Howell v. Commonwealth*, 274 Va. 737, 740 (2007). Appellant's disregard of the terms of his suspended sentences supports a finding that he was not amenable to rehabilitation. "When coupled with a suspended sentence, probation represents 'an act of grace on the part of the Commonwealth to one who has been convicted and sentenced to a term of confinement.'" *Hunter v. Commonwealth*, 56 Va. App. 582, 587 (2010)

(quoting *Price v. Commonwealth*, 51 Va. App. 443, 448 (2008)).  In this case, appellant failed to make productive use of the grace that had been extended to him.

The record establishes that the trial court had sufficient cause to revoke appellant's suspended sentences.  Accordingly, we hold that the sentences the trial court imposed represent a proper exercise of discretion.  *See Alsberry*, 39 Va. App. at 321-22 (finding that the court did not abuse its discretion by imposing the defendant's previously suspended sentence in its entirety "in light of the grievous nature of [the defendant's] offenses and his continuing criminal activity").

Moreover, to the extent that appellant argues that his sentences were disproportionate under the Eighth Amendment, this Court declines to engage in a proportionality review in cases that do not involve life sentences without the possibility of parole.  *Cole v. Commonwealth*, 58 Va. App. 642, 653-54 (2011).  We noted in *Cole* that the Supreme Court of the United States "has never found a non-life 'sentence for a term of years within the limits authorized by statute to be, by itself, a cruel and unusual punishment' in violation of the Eighth Amendment."  *Id.* at 653 (quoting *Hutto v. Davis*, 454 U.S. 370, 372 (1982) (*per curiam*)).  *Cf. Vasquez v. Commonwealth*, 291 Va. 232, 243 (2016) (rejecting Eighth Amendment challenge to 133-year active sentence because the sentence was imposed for "eighteen separate crimes," rather than "a single crime accompanied by a life-without-parole sentence").  Thus, we decline to conduct a proportionality review in this case.  *Id.*

### CONCLUSION

Accordingly, we affirm the trial court's judgments and grant the motion for leave to withdraw.  *See Anders v. California*, 386 U.S. 738, 744 (1967).  This Court's records shall reflect that Christopher Lee Bailey is now proceeding without the assistance of counsel in this matter and is representing himself on any further proceedings or appeal.

*Affirmed.*