COURT OF APPEALS OF VIRGINIA

Present: Judges Malveaux, Fulton and Friedman

SEAN PURNELL ALMOND

v.      Record No. 1287-21-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION*
PER CURIAM
AUGUST 16, 2022

FROM THE CIRCUIT COURT OF THE CITY OF SUFFOLK
L. Wayne Farmer, Judge

(James L. Grandfield, Public Defender, on brief), for appellant.

(Jason S. Miyares, Attorney General; Leah A. Darron, Senior
Assistant Attorney General, on brief), for appellee. Appellee
submitting on brief.

Sean Purnell Almond appeals from the judgment of the Circuit Court of the City of Suffolk

revoking and resuspending a portion of his previously suspended sentence. Almond contends that

the trial court abused its discretion by imposing seven years of active incarceration. After

examining the briefs and record in this case, the panel unanimously holds that oral argument is

unnecessary because "the appeal is wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a).

Accordingly, we affirm the trial court's judgment.

BACKGROUND

"In revocation appeals, the trial court's 'findings of fact and judgment will not be reversed

unless there is a clear showing of abuse of discretion.'" *Jacobs v. Commonwealth*, 61 Va. App.

529, 535 (2013) (quoting *Davis v. Commonwealth*, 12 Va. App. 81, 86 (1991)). "The evidence is

considered in the light most favorable to the Commonwealth, as the prevailing party below." *Id.*

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

On September 17, 2012, the trial court convicted Almond of robbery and sentenced him to fifteen years' incarceration with twelve years suspended. The suspended sentence was conditioned on Almond's good behavior and compliance with the terms and conditions of his supervised probation. In 2013, after finishing his term of active incarceration and beginning supervised probation, Almond moved to New York. On August 28, 2015, the New York Department of Corrections reported that Almond had absconded from supervision. Consequently, Almond's probation officer filed a probation violation report with the trial court and the trial court ordered a capias for Almond's arrest on September 15, 2015.

Before being arrested for his probation violation, Almond was arrested in Kings County, New York for third-degree robbery. Almond pleaded guilty to the third-degree robbery charge on September 23, 2019, and the New York court sentenced him to three to six years' imprisonment. Almond was arrested on the trial court's capias on December 4, 2020. On June 11, 2021, Almond's probation officer amended his probation violation report on the basis that Almond's robbery conviction constituted a further violation of the terms and conditions of his probation.

At the October 22, 2021 revocation hearing, Almond conceded that he had violated the terms of his suspended sentence. He also admitted that he previously had been convicted of robbery in 1986, 1989, and 1990, as well as grand larceny sometime thereafter. Almond testified that he had been "doing very well" in New York before returning to using drugs. He further testified that he was fifty-four years old and "had a lot of time to think," had accepted "all responsibility," and had learned from his losses. Regarding his most recent robbery conviction, Almond testified that he "had no right to take anybody's property" and lamented that he was "older now" and "really tired." Finally, Almond claimed that, if released, he planned to enroll in a program called "The Doe Society," which would help him with addiction treatment, psychiatric treatment, employment, and

housing. Almond asked the trial court to sentence him within the discretionary sentencing guidelines, which recommended a sentence of up to four years.

The trial court found that Almond understood "what [he] need[ed] to do moving forward." The trial court explained that it wanted a reasonable conclusion considering both that Almond had changed and that he had "engaged in the exact same dangerous conduct" he previously had. The trial court thereafter revoked Almond's twelve-year suspended sentence for robbery and resuspended five years. The trial court's revocation order states that it departed from the guidelines because Almond "committed a new robbery while on probation for robbery" and that it was Almond's "fifth robbery conviction." Almond appeals.

## ANALYSIS

After suspending a sentence, a trial court "may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court." Code § 19.2-306(A). Moreover, under the revocation statute in effect when this revocation proceeding began, once the trial court found that Almond had violated the terms of the suspension, it was obligated to revoke the suspended sentence and it was in "full force and effect." Code § 19.2-306(C)(ii) (Cum. Supp. 2020).[1] The trial court was permitted—but not required—to resuspend all or part of the sentence. *Id.*; *Alsberry v. Commonwealth*, 39 Va. App. 314, 320 (2002).

---

[1] Although Code § 19.2-306(C) was amended effective July 1, 2021, Almond does not argue that the statutory amendment applied in his case, and this Court recently held that it did not apply when, as here, the probation violations occurred and the revocation proceeding began before the effective date of the amendment. *See Green v. Commonwealth* 75 Va. App. 69, 84 & n.4 (2022). Moreover, even under the new statutory framework the trial court has discretion to impose the balance of a previously suspended sentence when a probationer commits a new offense during the suspension period. *See* 2021 Va. Acts Sp. Sess. I, ch. 538; Code § 19.2-306.1(B).

Almond does not contend that the trial court did not have sufficient cause to revoke his suspended sentence. Rather, he argues that the trial court abused its discretion by imposing a seven-year active sentence and "not considering relevant factors that should have been given significant weight." Almond asserts that although the trial court considered and weighed his testimony, it "should have weighed more heavily his efforts and plans for addressing his addiction, as well as the time he had already spent incarcerated in New York." Almond concludes that the sentence the trial court imposed was "arbitrary" and "an unnecessarily harsh and cruel sentence."

This Court declines to engage in a proportionality review in cases that do not involve life sentences without the possibility of parole. *Cole v. Commonwealth*, 58 Va. App. 642, 654 (2011). We noted in *Cole* that the Supreme Court of the United States "has never found a non-life 'sentence for a term of years within the limits authorized by statute to be, by itself, a cruel and unusual punishment' in violation of the Eighth Amendment." *Id.* at 653 (quoting *Hutto v. Davis*, 454 U.S. 370, 372 (1982) (*per curiam*)). *Cf. Vasquez v. Commonwealth*, 291 Va. 232, 243 (2016) (rejecting Eighth Amendment challenge to 133-year active sentence because the sentence was imposed for "eighteen separate crimes"). Thus, we decline to conduct a proportionality review in this case. *Id.*

It was within the trial court's purview to weigh any mitigating factors Almond presented, including his plans for addressing his addiction and the time he had been incarcerated in New York. *See Keselica v. Commonwealth*, 34 Va. App. 31, 36 (2000). The record also demonstrates, however, that Almond absconded from supervision and committed a criminal offense during the suspension period. "The statutes dealing with probation and suspension are remedial and intended to give the trial court valuable tools to help rehabilitate an offender through the use of probation, suspension of all or part of a sentence, and/or restitution payments." *Howell v. Commonwealth*, 274 Va. 737, 740 (2007). Almond's history of robberies before and after the underlying conviction

supports a finding that, thus far, he has not been amenable to rehabilitation. "When coupled with a suspended sentence, probation represents 'an act of grace on the part of the Commonwealth to one who has been convicted and sentenced to a term of confinement.'" *Hunter v. Commonwealth*, 56 Va. App. 582, 587 (2010) (quoting *Price v. Commonwealth*, 51 Va. App. 443, 448 (2008)). Almond failed to make productive use of the grace that had been extended to him and continued to engage in criminal conduct during the suspension period.

"For probation to have a deterrent effect on recidivism, real consequences must follow a probationer's willful violation of the conditions of probation." *Price*, 51 Va. App. at 449. After reviewing the record in this case, we conclude that the sentence the trial court imposed represents such real consequences and was a proper exercise of judicial discretion. *See Alsberry*, 39 Va. App. at 321-22 (finding the court did not abuse its discretion by imposing the defendant's previously suspended sentence in its entirety "in light of the grievous nature of [the defendant's] offenses and his continuing criminal activity").

## CONCLUSION

For the foregoing reasons, the trial court's judgment is affirmed.

*Affirmed*.