COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Beales, Fulton and Ortiz


DARRELL RAY RICHARDS, SR.

v.      Record No. 0159-22-3

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION*
PER CURIAM
SEPTEMBER 13, 2022


FROM THE CIRCUIT COURT OF ROANOKE COUNTY
Charles N. Dorsey, Judge

(James P. Cargill, on brief), for appellant. Appellant submitting on brief.

(Jason S. Miyares, Attorney General; John Beamer, Assistant Attorney General, on brief), for appellee.


Appellant Darrell Ray Richards, Sr. appeals from the decision of the Circuit Court of Roanoke County revoking his previously suspended sentence. He contends that the trial court abused its discretion by revoking his suspended sentence and ordering him to serve one year of active incarceration. After examining the briefs and record in this case, the panel unanimously holds that oral argument is unnecessary because "the appeal is wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a). We affirm the decision of the trial court.

BACKGROUND

"On appeal of the revocation of a suspended sentence, the appellate court reviews the evidence in the light most favorable to the Commonwealth, [as] the party who prevailed below." *Jenkins v. Commonwealth*, 71 Va. App. 334, 339 n.2 (2019) (citing *Jacobs v. Commonwealth*, 61 Va. App. 529, 535 (2013)).

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

On August 13, 2018, the trial court convicted Richards, upon a guilty plea, for one count of felony possession of methamphetamine. The trial court sentenced him to ten years of imprisonment with ten years suspended and three years of supervised probation. The conditions of his probation included a promise to "obey all [f]ederal, [s]tate and local laws and ordinances."

In July 2021, Richards's probation officer reported that the Circuit Court of the City of Roanoke had convicted Richards for one count of felony possession of methamphetamine and one count of felony offender escape from confinement without violence. Richards was sentenced to two years of imprisonment with one year and ten months suspended for the possession charge, and one year of incarceration with eleven months suspended for the escape without violence charge. After issuing a capias, the trial court conducted Richards's revocation hearing, which is the subject of this appeal.

At the revocation hearing, the probation officer confirmed that she drafted the major violation report and that the bases for the report were Richards's two felony convictions since his probation began in August 2018. Richards offered mitigating evidence, including his own testimony that he had owned and operated a business at the time of his underlying charge in 2018 and that the business had just resumed operations "about a month" before the revocation hearing. He testified that he was currently working approximately forty hours per week. He also testified that he had full custody of his two sons, who were eight years of age and ten years of age respectively. He denied having a problem with substance abuse during his probation and stated that he was not guilty of his recent conviction for possession because he was merely the owner of the vehicle where the drug was found.

Richards acknowledged that his underlying charge for possession in 2018 arose from an incident in which he "was on the parkway, taking [his] children to a birthday party . . . and [he] had two eight balls of crystal meth in [his] pocket." He also acknowledged that he was aware his prior

sentence of ten years of imprisonment had been suspended, that his suspended sentence was conditioned on good behavior, and that any violation of the law did not constitute good behavior. He stipulated that he violated the conditions of his probation.

After considering the evidence and the parties' arguments, the trial court found Richards in violation of his probation, revoked all ten years of Richards's suspended sentence, and resuspended all but one year of incarceration. This appeal followed.

ANALYSIS

Richards argues that the trial court abused its discretion when it sentenced him to serve one year of active incarceration following his probation violation. After suspending a sentence, a trial court "may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court." Code § 19.2-306(A). "In revocation appeals, the trial court's 'findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion.'" *Jacobs*, 61 Va. App. at 535 (quoting *Davis v. Commonwealth*, 12 Va. App. 81, 86 (1991)). "An abuse of discretion occurs only when 'reasonable jurists' could not disagree as to the proper decision." *Thomas v. Commonwealth*, 62 Va. App. 104, 111 (2013) (quoting *Brandau v. Brandau*, 52 Va. App. 632, 641 (2008)). "This principle necessarily implies that, for some decisions, conscientious jurists could reach different conclusions based on exactly the same facts—yet still remain entirely reasonable." *Id.* (quoting *Hamad v. Hamad*, 61 Va. App. 593, 607 (2013)).

Richards contends that "the trial court did not apply 'conscientious judgment'" and that imposition of a one-year active sentence "was an 'arbitrary action' which rather than meeting and fulfilling the deterrence goal, simply stated, squashes Mr. Richards." He emphasizes that there "were no personal injuries and no threats of personal injury," that he is fifty-one years of age, that he has had heart surgery, that he is self-employed, and that he is responsible for his two children.

"It is within the trial court's purview to weigh any mitigating factors presented by the defendant." *Keselica v. Commonwealth*, 34 Va. App. 31, 36 (2000). The trial court heard the mitigating and aggravating evidence. Balanced against Richards's mitigation evidence were substantial facts in aggravation. The record demonstrates that Richards had incurred two new criminal convictions during the suspension period. Considering his new criminal convictions, the trial court found that he violated the conditions of his previously suspended sentence.

"The statutes dealing with probation and suspension are remedial and intended to give the trial court valuable tools to help rehabilitate an offender through the use of probation, suspension of all or part of a sentence, and/or restitution payments." *Howell v. Commonwealth*, 274 Va. 737, 740 (2007). Richards's disregard of the terms of his suspended sentence supports a finding that he was not amenable to rehabilitation. "When coupled with a suspended sentence, probation represents 'an act of grace on the part of the Commonwealth to one who has been convicted and sentenced to a term of confinement.'" *Hunter v. Commonwealth*, 56 Va. App. 582, 587 (2010) (quoting *Price v. Commonwealth*, 51 Va. App. 443, 448 (2008)). Richards failed to make productive use of the grace that had been extended to him.

The record establishes that the trial court had sufficient cause to revoke Richards's suspended sentence. Accordingly, we hold that the sentence the trial court imposed represents a proper exercise of discretion.

In addition, to the extent that Richards argues that his sentence was disproportionate, this Court declines to engage in a proportionality review in cases that do not involve life sentences without the possibility of parole. *Cole v. Commonwealth*, 58 Va. App. 642, 653-54 (2011). We noted in *Cole* that the Supreme Court of the United States "has never found a non-life 'sentence for a term of years within the limits authorized by statute to be, by itself, a cruel and unusual punishment' in violation of the Eighth Amendment." *Id.* at 653 (quoting *Hutto v. Davis*, 454

U.S. 370, 372 (1982) (*per curiam*)).  *Cf. Vasquez v. Commonwealth*, 291 Va. 232, 243 (2016)

(rejecting Eighth Amendment challenge to 133-year active sentence because the sentence was

imposed for "eighteen separate crimes").

CONCLUSION

For the foregoing reasons, the trial court's decision is affirmed.

*Affirmed.*