UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges Athey, Ortiz and Lorish

DAVID KEITH TRULL

                                              MEMORANDUM OPINION[*]

v.      Record No. 0418-22-1                               PER CURIAM
                                              OCTOBER 4, 2022

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF SUFFOLK
L. Wayne Farmer, Judge

(Brandon L. Wilder; Bush & Taylor, P.C., on brief), for appellant.

(Jason S. Miyares, Attorney General; Lucille M. Wall, Assistant
Attorney General, on brief), for appellee. Appellee submitting on
brief.

David Keith Trull ("Trull") appeals from the judgment of the Circuit Court of the City of

Suffolk ("trial court") revoking a portion of his previously suspended sentences. Trull contends that

the trial court abused its discretion by revoking his previously suspended sentences and ordering

him to serve a total active sentence of four years and six months' incarceration. After examining the

briefs and record in this case, the panel unanimously holds that oral argument is unnecessary

because "the appeal is wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a). Accordingly,

we affirm the decision of the trial court.

I. BACKGROUND

In July 2018, the trial court convicted Trull, upon guilty pleas, for driving while intoxicated,

third offense within five years, in violation of Code § 18.2-266, and felony hit and run, in violation

of Code § 46.2-894. The trial court sentenced Trull to five years' imprisonment with four years and

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

six months suspended, for driving while intoxicated, and three years, all suspended, for felony hit and run.

Trull's suspended sentences were conditioned on his good behavior for five years and the successful completion of five years of supervised probation. The trial court also ordered Trull to pay $1,300 in restitution for the felony hit and run conviction. Trull finished his term of active incarceration and entered supervised probation in March 2019. Just over two years later, in May 2021, Trull was arrested and charged with driving while intoxicated, fourth offense within ten years, felony driving with a suspended operator's license, refusing to provide a breath sample, and assault and battery of a family member.

On August 26, 2021, the trial court convicted Trull for driving while intoxicated, fourth offense within ten years, and assault and battery of a family member. The Commonwealth had moved to *nolle prosequi* the remaining charges. On September 1, 2021, Trull's probation officer submitted a major violation report to the trial court, summarizing Trull's new convictions and indicating that Trull had violated a condition of his probation to "obey all Federal, State and local laws and ordinances." The major violation report also indicated that Trull still owed $1,244.65 in restitution payments. The trial court ordered a capias to be issued on September 14, 2021, and Trull was arrested on September 21, 2021.

After appointing counsel, the trial court held the revocation hearing on December 3, 2021. At the revocation hearing, Trull stipulated that he had violated the conditions of his suspended sentences, consistent with the allegations contained in the major violation report. Trull offered mitigating evidence and testified on his own behalf. Specifically, Trull testified that he was a master carpenter, had a degree in civil engineering, and "orchestrated the construction of several major projects in Virginia." Trull admitted that he had an "issue with alcohol" and that he was "looking for help." Trull proffered an acceptance letter he received for entry into the Salvation

Army Adult Rehabilitation Center. According to Trull, the Salvation Army's program is a "very strenuous" six-month program that showed patients "a new way of living without alcohol." Trull testified that he planned on pursuing "a life of sobriety, a change in lifestyle." The discretionary sentencing guidelines recommended an active sentence between six months and one year and six months.

The trial court found Trull in violation of his probation, revoked the suspended sentences, and ordered him to serve a total of four years and six months' incarceration. This appeal followed.

## II. ANALYSIS

### A. *Standard of Review*

"In revocation appeals, the trial court's 'findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion.'" *Jacobs v. Commonwealth*, 61 Va. App. 529, 535 (2013) (quoting *Davis v. Commonwealth*, 12 Va. App. 81, 86 (1991)). "The evidence is considered in the light most favorable to the Commonwealth, as the prevailing party below." *Id.*

### B. *The trial court did not abuse its discretion in its sentencing decision because Trull violated the terms and conditions of his suspended sentences and Code § 19.2-306(A) gives the trial court discretion to revoke a suspended sentence for sufficient cause.*

Trull argues that the trial court abused its discretion after finding him in violation of the terms of his suspended sentences by imposing a sentence of four years and six months.

After suspending a sentence, a trial court "may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court." Code § 19.2-306(A). "If the court, after hearing, finds good cause to believe that the defendant has violated the terms of suspension, then the court may revoke the suspension and impose a sentence in accordance with the provisions of § 19.2-306.1."

Code § 19.2-306(C).[1]  "The court may again suspend all or any part of this sentence for a period up to the statutory maximum period for which the defendant might originally have been sentenced to be imprisoned, less any time already served, and may place the defendant upon terms and conditions or probation."  *Id.*

Trull acknowledges that the trial court had sufficient cause to revoke his suspended sentences.  Indeed, he stipulated that he violated the terms of his suspended sentences.  He argues only that the trial court abused its discretion by ordering him to serve an active sentence of four years and six months.  Trull maintains that the trial court "refused to consider a substance abuse treatment program . . . when he wanted to participate and space was available for him to participate in said program."  Further, Trull argues that the trial court erred by imposing a sentence that was at "the high end of the sentencing guidelines despite mitigating evidence that was presented . . . at the time of sentencing."

As relevant to Trull's claim, Code § 19.2-306.1(B) provides that

> [i]f the court finds the basis of a violation of the terms and conditions of a suspended sentence or probation is that the defendant was convicted of a criminal offense that was committed after the date of the suspension, . . . then the court may revoke the suspension and impose or resuspend any or all of that period previously suspended.

The record demonstrates that Trull incurred two new criminal convictions during the suspension period.  Thus, it was within the trial court's discretion to "impose or resuspend any or all" of the previously-suspended sentences.  *Id.*

---

[1] Code § 19.2-306(C) was amended effective July 1, 2021.  *See* 2021 Va. Acts Sp. Sess. I, ch. 538.  Neither Trull nor the Commonwealth has challenged the applicability of the statutory amendment in this case; thus, we do not address that issue here.  Moreover, the trial court has discretion to revoke the suspension and impose or resuspend any or all of the sentence when, as here, a probationer commits a new offense during the suspension period.  Code § 19.2-306.1(B).

It was equally within the trial court's purview to weigh any mitigating factors Trull presented, such as efforts to obtain substance abuse treatment. *See Keselica v. Commonwealth*, 34 Va. App. 31, 36 (2000). "The statutes dealing with probation and suspension are remedial and intended to give the trial court valuable tools to help rehabilitate an offender through the use of probation, suspension of all or part of a sentence, and/or restitution payments." *Howell v. Commonwealth*, 274 Va. 737, 740 (2007). Trull's disregard of the terms of his suspended sentences, his new conviction for driving under the influence, which was his fourth in ten years, and his new conviction for assault and battery of a family member support a finding that he was not amenable to rehabilitation. "When coupled with a suspended sentence, probation represents 'an act of grace on the part of the Commonwealth to one who has been convicted and sentenced to a term of confinement.'" *Hunter v. Commonwealth*, 56 Va. App. 582, 587 (2010) (quoting *Price v. Commonwealth*, 51 Va. App. 443, 448 (2008)). In this case, Trull failed to make productive use of the grace that had been extended to him.

The record establishes that the trial court had sufficient cause to revoke Trull's suspended sentences. Accordingly, we hold that the sentence the trial court imposed represents a proper exercise of discretion under the circumstances of this case. *See Alsberry v. Commonwealth*, 39 Va. App. 314, 321-22 (2002) (finding that the court did not abuse its discretion by imposing the defendant's previously suspended sentence in its entirety "in light of the grievous nature of [the defendant's] offenses and his continuing criminal activity").

To the extent that Trull argues that his sentence was disproportionate under the Eighth Amendment, this Court declines to engage in a proportionality review in cases that do not involve life sentences without the possibility of parole. *Cole v. Commonwealth*, 58 Va. App. 642, 653-54 (2011). We noted in *Cole* that the Supreme Court of the United States "has never found a non-life 'sentence for a term of years within the limits authorized by statute to be, by

itself, a cruel and unusual punishment' in violation of the Eighth Amendment." *Id.* (quoting *Hutto v. Davis*, 454 U.S. 370, 372 (1982) (per curiam)). *Cf. Vasquez v. Commonwealth*, 291 Va. 232, 243 (2016) (rejecting Eighth Amendment challenge to 133-year active sentence because the sentence was imposed for "eighteen separate crimes," rather than "a single crime accompanied by a life-without-parole sentence"). Thus, we decline to conduct a proportionality review in this case. *Id.*

## III. CONCLUSION

Upon review, we hold that the sentence imposed represents a proper exercise of the trial court's discretion. Accordingly, the trial court's judgment is affirmed.

*Affirmed.*