## Norfolk

MICHAEL SCOTT STUART

v.

COMMONWEALTH OF VIRGINIA

No. 1335-88-1

Decided October 23, 1990

COUNSEL

John W. Brown (John W. Brown, P.C., on brief), for appellant.

Birdie H. Jamison, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

BARROW, J.—In this appeal from a bigamy conviction, the defendant contends that (1) he should not have been convicted because he reasonably believed that he was divorced when he married a second time, and (2) he should have been convicted of entering into a prohibited marriage (Code § 20-38.1) instead of bigamy (Code § 18.2-362). We hold that a reasonable belief that one has been divorced is not a defense to a charge of bigamy, and that the Commonwealth's attorney could choose to charge the defendant with the felony instead of the misdemeanor.

The defendant remarried without obtaining a divorce from his first wife. He married first on March 10, 1979, and married a second time on August 16, 1984. Even though his first wife initiated divorce proceedings in 1981, his marriage to her was not terminated until February 20, 1986.

The defendant testified that he thought he was divorced from his first wife because she had told him that they were divorced. In addition, the defendant claimed that she had shown him a document labeled "Decree of Divorce," and he assumed that it was their final divorce decree. His first wife denied that she had told him that they were divorced and she also denied showing the defendant any document purporting to be a divorce decree.

 A reasonable belief, however, that one is divorced from his or her spouse is not a defense to a charge of bigamy. The statute under which the defendant was convicted, Code § 18.2-

362[1] prohibits a married person from entering into a second marriage and contains no language requiring proof of a specific intent to violate the statute's prohibitions. Code § 18.2-364, however, provides for certain defenses, including the defense of a reasonable belief that a former spouse is dead. The statute makes no mention of a defense based upon a reasonable belief that one is divorced.[2]

The lack of a requirement of a specific intent in Code § 18.2-362 is in agreement with the majority of other jurisdictions in the United States. Although a minority of states provide otherwise, a reasonable belief that one has been divorced is no defense against bigamy in most jurisdictions. Annotation, *Mistaken Belief in Existence, Validity, or Effect of Divorce or Separation as Defense to Prosecution for Bigamy or Allied Offense*, 56 A.L.R.2d 915, 919-20 (1957).

Because the unambiguous language of Code § 18.2-362 does not require proof of a specific intent, we hold that a reasonable belief that a prior marriage has been ended by divorce is not a defense to the charge of bigamy.

The defendant also argues that he should have been convicted of violating Code § 20-38.1, a misdemeanor, rather than Code § 18.2-362, a felony. Code § 20-38.1(1) expressly prohibits a "marriage entered into prior to the dissolution of an earlier marriage of one of the parties." Code § 20-40 provides punishment for any person who marries in violation of Code § 20-38.1.

■ The defendant may have remarried in violation of both Code § 18.2-362 and Code § 20-38.1. While the felony, Code § 18.2-362, applies only to a person who, while already married, marries again, the misdemeanor, Code § 20-38.1, is broader in

---

[1] Code § 18.2-362 reads: "If any person, being married, shall, during the life of the husband or wife, marry another person in this Commonwealth, or if the marriage with such other person take place out of the Commonwealth, shall thereafter cohabit with such other person in this Commonwealth, he or she shall be guilty of a Class 4 felony."

[2] Code § 18.2-364 reads, in part: "[Section] 18.2-362 . . . shall not extend to a person whose husband or wife shall have been continuously absent from such person for seven years next before marriage of such person to another, and shall not have been known by such person to be living within that time; nor to a person who can show that the second marriage was contracted in good faith under a reasonable belief that the former consort was dead; nor to a person who shall, at the time of the subsequent marriage, have been divorced from the bond of the former marriage; nor to a person whose former marriage was void."

scope and applies to any person, whether married or not, who enters into a marriage before the dissolution of an earlier marriage of one of the parties. However, the mere fact that the defendant may also have committed a lesser offense does not preclude the Commonwealth from charging a greater offense arising out of the same act or transaction. *Bradshaw v. Commonwealth*, 228 Va. 484, 492, 323 S.E.2d 567, 572 (1984).[3]

For the foregoing reasons, the defendant's conviction under Code § 18.2-362 is affirmed.

*Affirmed.*

Koontz, C.J., and Baker, J., concurred.

---

[3] We express no view whether it would be appropriate to charge both offenses.