COURT OF APPEALS OF VIRGINIA

Present:   Judges Elder, Kelsey and Powell
Argued at Richmond, Virginia


CURTIS WILLIAM COLE, JR.
                                                          OPINION BY
v.       Record No. 0320-10-2               JUDGE D. ARTHUR KELSEY
                                                        AUGUST 2, 2011
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF AMELIA COUNTY
William L. Wellons, Judge[1]

Patricia Palmer Nagel for appellant.

Eugene Murphy, Senior Assistant Attorney General
(Kenneth T. Cuccinelli, II, Attorney General, on brief),
for appellee.

A jury convicted Curtis William Cole, Jr. of bigamy in violation of Code § 18.2-362.  On

appeal, Cole concedes he was already married to one woman when he married another, but

argues he nonetheless should be acquitted as a matter of law.  We disagree and affirm.


I.

Cole married Tammy Taylor in 1995.  Without first divorcing Taylor, Cole went through

a marriage ceremony with Donna Vincent in 2005.  On the marriage license application form,

Cole claimed he had not been previously married.  A grand jury indicted Cole for bigamy.  At his

jury trial, Cole offered no factual defense to the charge and argued only a series of purely legal

defenses.  The trial court found the defenses meritless and entered a conviction order after the

jury returned a guilty verdict.

---

[1] Judge Thomas V. Warren presided over the trial of this case, and Judge William L. Wellons entered the final order.

II.

A. BIGAMY AS A "LEGAL IMPOSSIBILITY"

Cole argues it is "legally impossible" for him to be convicted of bigamy under Code § 18.2-362. See Appellant's Br. at 4. With respect to bigamy, Code § 18.2-362 makes it a criminal offense for any "married" person to "marry another person" in the Commonwealth. Because bigamous marriages are legally void, Cole reasons, he did not "marry another person" when he married his second wife. See Appellant's Br. at 4. Under Cole's construct, therefore, Code § 18.2-362 is simply a legislative oxymoron — an attempt to criminalize something (bigamous marriage) that does not legally exist. Neither he nor anyone else can be prosecuted under it.

Cole's argument hinges on his interpretation of Code §§ 20-38.1, 20-43, and 20-45.1, which declare bigamous "marriages" void.[2] These statutes, Cole contends, "make it clear that no *legal* relationship can result from a ceremony of purported marriage where one of the parties is already married." Appellant's Br. at 5 (emphasis added). This observation, however, misses the point: Cole was prosecuted for entering into an *illegal*, not a legal, marital relationship. None of the statutes in Title 20 declaring bigamy void can fairly be read to decriminalize bigamy under Code § 18.2-362. To be sure, Code §§ 20-38.1, 20-43, and 20-45.1 are all part of Chapter 3 of Title 20 — entitled "Unlawful Marriages Generally" — which includes its own criminal statute, Code § 20-40, making both bigamy and knowingly marrying a bigamist a misdemeanor.

---

[2] See Code § 20-38.1 ("Certain marriages prohibited. — (a) The following marriages are prohibited: (1) A marriage entered into prior to the dissolution of an earlier marriage of one of the parties . . . ."); Code § 20-43 ("Bigamous marriages void without decree. — All marriages which are prohibited by law on account of either of the parties having a former wife or husband then living shall be absolutely void, without any decree of divorce, or other legal process."); Code § 20-45.1(a) ("Void marriages. — All marriages which are prohibited by § 20-38.1 . . . are void."); see also Rahnema v. Rahnema, 47 Va. App. 645, 651 n.2, 626 S.E.2d 448, 452 n.2 (2006) (recognizing a "bigamous marriage is void" (citation omitted)).

Under settled principles, "statutes dealing with a specific subject must be construed together in order to arrive at the object sought to be accomplished." Alston v. Commonwealth, 274 Va. 759, 769, 652 S.E.2d 456, 462 (2007) (citation omitted). We interpret statutes not as "isolated fragments of law" but as part of a harmonious whole to "make the scheme consistent in all its parts and uniform in its operation, unless a different purpose is shown plainly or with irresistible clearness." Id. We also presume the legislature did not intend to enact a "manifest absurdity," Va. Emp't v. Cmty. Alts., 57 Va. App. 700, 706, 705 S.E.2d 530, 533 (2011) (citation omitted), and we interpret statutes to avoid such an anomalous conclusion.

Cole's interpretation of Code § 18.2-362, rather than explaining or giving meaning to the statutory text, would simply render it a nullity. Underlying Cole's argument is the unstated assumption that the law is conceptually inconsistent because it criminalizes bigamous marriage while simultaneously declaring it legally void. We disagree and conclude the law condemns bigamy as both illegal *and* void. By declaring a bigamous marriage void, the General Assembly did not preclude itself from also deeming the marriage criminally illegal. In other words, the fact "that Virginia does not recognize bigamous marriages," Murphy v. Holland, 237 Va. 212, 219, 377 S.E.2d 363, 367 (1989), does not justify the *non sequitur* that such marriages cannot be criminalized.

For centuries, the crime of bigamy has been understood in these terms. Virginia's statute closely tracks the bigamy statute of King James I, which provided: "If any person or persons . . . being married, do at any time after marry any person or persons, the former husband or wife being alive, that then every such offense shall be felony, &c." 3 Sir Edward Coke, Institutes of the Laws of England, ch. 27, at 88 (4th ed. 1669) (modern spelling used); see also 1 Jac., c. 11 (1603-04) (Eng.). The phrase "do at any time marry" has historically been understood to mean

that the "second marriage is merely void, *and yet* it maketh the offender a felon." 3 Coke, *supra*,

ch. 27, at 88 (emphasis added and modern spelling used); see also 4 William Blackstone,

Commentaries on the Laws of England *163 (1769) ("Such second marriage, living the former

husband or wife, is simply void, and a mere nullity, by the ecclesiastical law of England; *and yet*

the legislature has thought it just to make it felony." (emphasis added)). In other words,

> the validity of the second marriage does not affect the question. It
> is the appearing to contract a second marriage, and the going
> through the ceremony which constitutes the crime of bigamy,
> otherwise it could never exist in the ordinary cases, as a previous
> marriage always renders null and void a marriage that is celebrated
> afterwards by either of the parties during the lifetime of the other.

Regina v. Brawn, 174 Eng. Rep. 751 (N.P.) 752, 1 Car. & K. 144, 145 (1843) (Denman, C.J.)

(quoted in part by Rollin M. Perkins & Ronald N. Boyce, Criminal Law 456 n.29 (3d ed. 1982)).

Historically "an offense of ecclesiastical cognizance," bigamy has been defined in

Virginia as the "state of a man who has two wives, or of a woman who has two husbands, living

at the same time." Farewell v. Commonwealth, 167 Va. 475, 478, 189 S.E. 321, 323 (1937)

(citation omitted). "The act of ceremoniously marrying one person when already legally married

to another" constitutes bigamy. Id. (citation omitted).

> From these definitions and from like definitions given by the
> courts in numerous cases, it will be seen that the essential of the
> offense consists of a *second marriage* of a person who already has
> a living consort. *The overt act is entering into the second*
> *marriage.* Bigamy is committed whenever and wherever such
> *second marriage* is performed.

Id. at 478-79, 189 S.E. at 323 (emphasis added) (applying Code of 1936, § 4538, which

contained essentially the same statutory text now codified in Code § 18.2-362); accord Adkins v.

Commonwealth, 175 Va. 590, 598, 9 S.E.2d 349, 352 (1940). Thus, Virginia follows the

traditional view that "a bigamous marriage is void *ab initio*" and yet "persons who engage in

such a marriage may be subject to criminal prosecution." Hager v. Hager, 3 Va. App. 415, 416-17, 349 S.E.2d 908, 909 (1986).

## B. CONSTITUTIONAL ISSUES

Cole also raises several constitutional challenges to his bigamy conviction, claiming violations of "his due process and equal protection rights, as well as his right against cruel and unusual punishment" under the United States Constitution. See Appellant's Br. at 9. We find these arguments unpersuasive.

### *Due Process — Statute Void for Vagueness*

Cole's due process argument contends the bigamy statute, Code § 18.2-362, should be declared void for vagueness. "An enactment may be found void for vagueness . . . if [it] 'fails to provide people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits' . . . [or] if 'it authorizes or even encourages arbitrary and discriminatory enforcement.'" Boyd v. Cnty. of Henrico, 42 Va. App. 495, 517, 592 S.E.2d 768, 779 (2004) (*en banc*) (citation omitted); see also Tjan v. Commonwealth, 46 Va. App. 698, 707-08, 621 S.E.2d 669, 673 (2005). Neither prong of the void-for-vagueness doctrine is implicated in this case.

Code § 18.2-362 provides persons of "ordinary intelligence," Boyd, 42 Va. App. at 517, 592 S.E.2d at 779 (citation omitted), fair warning of the unlawful conduct. The "unambiguous language of Code § 18.2-362," Stuart v. Commonwealth, 11 Va. App. 216, 218, 397 S.E.2d 533, 534 (1990), prohibits bigamous marriage. We do not believe a person of ordinary intelligence would adopt the circular thesis that "a marriage while married is not a marriage," Appellant's Br. at 10, and thereafter find himself hopelessly confused about the criminality of bigamy.

Nor do we believe Code § 18.2-362 "authorizes or even encourages arbitrary and discriminatory enforcement." Boyd, 42 Va. App. at 517, 592 S.E.2d at 779 (citation omitted).

What the vagueness doctrine "forbids is a law that, by its expansive sweep of language, enacts an elastic definition of illegality — one that authorizes an officer to define for himself what is and is not legal." Id. at 521, 592 S.E.2d at 781. Cole, however, does not argue the text of Code § 18.2-362 oscillates between legality and illegality. He contends the statute very clearly criminalizes nothing. What he finds objectionable is not the arbitrary enforcement of the bigamy statute against some but not others, but rather the enforcement of the statute against anyone.

*Equal Protection — Alternative Charge*

Code § 18.2-362 violates equal protection principles, Cole asserts, because another statute, Code § 20-38.1, also criminalizes bigamy. The former constitutes a felony, the latter a misdemeanor. No rational distinction, Cole contends, exists between the statutes.

We disagree. Several factors distinguish Code § 18.2-362, the felony, from Code § 20-38.1, punished as a misdemeanor under Code § 20-40. Code § 18.2-362 prohibits a married person, "during the life of the husband or wife," from "marry[ing] another person." Code § 20-38.1(1) prohibits a "marriage entered into prior to the dissolution of an earlier marriage of one of the parties."

> While the felony, Code § 18.2-362, applies only to a person who, while already married, marries again, the misdemeanor, Code § 20-38.1, is broader in scope and applies to any person, whether married or not, who enters into a marriage before the dissolution of an earlier marriage of one of the parties. However, the mere fact that the defendant may also have committed a lesser offense does not preclude the Commonwealth from charging a greater offense arising out of the same act or transaction.

Stuart, 11 Va. App. at 218-19, 397 S.E.2d at 534 (citing Bradshaw v. Commonwealth, 228 Va. 484, 492, 323 S.E.2d 567, 572 (1984)). Thus, Code § 18.2-362, the felony, applies only to bigamists; Code § 20-38.1, the misdemeanor, applies to bigamists and those who marry bigamists.

- 6 -

The available defenses are also different, thus providing the prosecution with different paths to a conviction depending on the circumstances:

> The defenses found in § 18.2-364 do not apply to a bigamy prosecution under §§ 20-38.1 and 20-40. Since both parties to the prohibited conduct have equally violated § 20-40, and since the Commonwealth need not prove knowledge of the earlier marriage on the part of the formerly unmarried party, § 20-40 might be preferred in prosecuting that party. Where the defendant's conduct violates both § 18.2-362 and § 20-38.1, the Commonwealth may select either charge.

Ronald J. Bacigal, Criminal Offenses & Defenses 290 (2010-11 ed.).

Because bigamists "cannot claim membership in any insular and discrete suspect class or assert a violation of any fundamental right," Lilly v. Commonwealth, 50 Va. App. 173, 181, 647 S.E.2d 517, 521 (2007), bigamy statutes can be invalidated only if they offend principles of minimum rationality. Minimum rationality affords statutes a "strong presumption of validity" and requires courts to uphold them "if there is any reasonably conceivable state of facts that could provide a rational basis for the classification." Gray v. Commonwealth, 274 Va. 290, 308, 645 S.E.2d 448, 459 (2007) (citations omitted). "[T]he Commonwealth 'has no obligation to produce evidence to sustain the rationality' of the challenged classification because the 'burden is on the one attacking the legislative arrangement to negative every conceivable basis which might support it.'" Lilly, 50 Va. App. at 182, 647 S.E.2d at 521 (citation omitted).

Because the scope of Code § 18.2-362 differs from Code § 20-38.1, the statutes do not facially criminalize the same conduct in all of their applications. That they overlap in some cases does not render them constitutionally invalid. As a general rule, the fact that

> separate statutes may overlap in their proscription of specific conduct does not detract from their independent enforcement except when double jeopardy concerns are implicated. [W]hen an act violates more than one criminal statute, the Government may prosecute under either so long as it does not discriminate against any class of defendants. Whether to prosecute and what charge to

- 7 -

> file or bring before a grand jury are decisions that generally rest in the prosecutor's discretion.

George v. Commonwealth, 51 Va. App. 137, 143, 655 S.E.2d 43, 46 (2008) (internal citations and quotation marks omitted) (quoting McDonald v. Commonwealth, 274 Va. 249, 259, 645 S.E.2d 918, 923 (2007)).  We thus see no reason, constitutional or otherwise, why an "attorney for the Commonwealth may [not] elect to proceed under either statute."  John L. Costello, Virginia Criminal Law & Procedure § 5.12, at 121 (4th ed. 2008) (addressing felony and misdemeanor bigamy statutes).

### Cruel and Unusual Punishment

Cole asserts his two-year sentence violates the Eight Amendment's prohibition of cruel and unusual punishment.  We disagree.

The Eighth Amendment "prohibits the imposition of inherently barbaric punishments under all circumstances."  Graham v. Florida, 130 S. Ct. 2011, 2021 (2010).  The United States Supreme Court, however, has never found a non-life "sentence for a term of years within the limits authorized by statute to be, by itself, a cruel and unusual punishment" in violation of the Eighth Amendment.  Hutto v. Davis, 454 U.S. 370, 372 (1982) (*per curiam*) (quoting with approval Davis v. Davis, 585 F.2d 1226, 1229 (4th Cir. 1978)).[3]  And for good reason:  "[T]he excessiveness of one prison term as compared to another is invariably a subjective determination, there being no clear way to make 'any constitutional distinction between one term of years and a shorter or longer term of years.'"  Hutto, 454 U.S. at 373 (citation omitted).  We thus agree that

---

[3] See, e.g., Ewing v. California, 538 U.S. 11 (2003) (upholding sentence of twenty-five years to life for the theft of golf clubs); Lockyer v. Andrade, 538 U.S. 63 (2003) (upholding sentence of twenty-five years to life for defendant's third felony, theft of videotapes worth $150); Hutto v. Davis, 454 U.S. 370 (1982) (*per curiam*) (upholding sentence of forty years for marijuana possession and distribution); Rummel v. Estelle, 445 U.S. 263 (1980) (upholding sentence of life with the possibility of parole for a defendant's third nonviolent felony).

proportionality review "is not available for any sentence less than life imprisonment without the possibility of parole." United States v. Malloy, 568 F.3d 166, 180 (4th Cir. 2009) (quoting United States v. Hong, 242 F.3d 528, 532 (4th Cir. 2001)); see also United States v. Polk, 905 F.2d 54, 55 (4th Cir. 1990).

In short, Cole's two-year prison term — the minimum sentence authorized by statute for his crime — falls far short of implicating any Eighth Amendment issue.

## III.

Finding no merit in any of Cole's statutory or constitutional challenges to his bigamy conviction, we affirm.

Affirmed.