COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges O'Brien, Lorish and Senior Judge Annunziata


DUSTIN W. FOLTZ, S/K/A
  DUSTIN WILLIAM FOLTZ

                                                    MEMORANDUM OPINION[*]
v.        Record No. 0779-21-4                           PER CURIAM
                                                         JULY 5, 2022

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF PAGE COUNTY
Clark A. Ritchie, Judge

        (Richard G. Morgan, on brief), for appellant. Appellant submitting
        on brief.

        (Jason S. Miyares, Attorney General; John Beamer, Assistant
        Attorney General, on brief), for appellee.


        The appellant, Dustin William Foltz, argues that the circuit court abused its discretion by

revoking his suspended sentences and sentencing him to five years of active incarceration. After

examining the briefs and record in this case, the panel unanimously holds that oral argument is

unnecessary because "the appeal is wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a).

For the reasons set forth below, we affirm the decision of the trial court.

                                    BACKGROUND[1]

        The trial court convicted Foltz of unlawful wounding in 2008 and sentenced him to five

years' imprisonment with four years and ten months suspended and three years of supervised

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] "On appeal of the revocation of a suspended sentence, the appellate court reviews the evidence in the light most favorable to the Commonwealth, the party who prevailed below." *Jenkins v. Commonwealth*, 71 Va. App. 334, 339 n.2 (2019) (quoting *Jacobs v. Commonwealth*, 61 Va. App. 529, 535 (2013)).

probation. In 2010, Foltz was convicted for driving while intoxicated, third or subsequent offense. The trial court revoked his previously suspended sentence and imposed a sentence of five years' imprisonment with four years and five months suspended and three years of supervised probation.

Next, in 2015, Foltz appeared before the trial court for his second probation revocation hearing. The trial court found him in violation of his probation, revoked his suspended sentences, and resuspended seven years and nine months. In 2016, Foltz was convicted for driving while intoxicated, third or subsequent offense within five years, unauthorized use of a motor vehicle, hit and run, and operating a motor vehicle after forfeiture of license. The trial court again revoked his previously suspended sentences and sentenced him to a total of fifteen years and twelve months' imprisonment with fourteen years and twelve months suspended and four years of supervised probation.

Foltz returned to the trial court in 2019 for his fourth revocation hearing. The trial court found him in violation of probation, revoked his previously suspended sentences, and resuspended twenty years and six months. Foltz appeared for a fifth probation revocation hearing in 2020. The trial court found him in violation of probation and revoked the entirety of his suspended sentences and resuspended all except for time served. He was placed on three years supervised probation. The ongoing conditions of Foltz's probation included a promise to "obey all [f]ederal, [s]tate and local laws and ordinances."

In September 2020, Foltz's probation officer reported to the trial court that Foltz had been arrested for possession of a firearm by a violent felon.[2] After issuing a capias, the trial court conducted appellant's sixth revocation hearing on June 2, 2021, which is the subject of this appeal.

---

[2] Foltz subsequently pled guilty to this offense, and the trial court sentenced him to five years' imprisonment with three years suspended and three years of supervised probation.

At the revocation hearing, the chaplain for the Page County jail testified on behalf of Foltz, stating that he had hired Foltz to work on his farm following Foltz's release from incarceration. According to the chaplain, Foltz's work ethic was "one of the best [he had] ever seen." The chaplain denied ever feeling "unease" with Foltz working on his farm with the chaplain's wife present, despite Foltz's prior conviction for unlawful wounding. The chaplain stated that he never found evidence of Foltz abusing drugs or alcohol while working on the farm. The chaplain also testified that he "definitely would" hire Foltz to return to work on his farm and that incarceration did Foltz "no good, he needs to be out working."

Foltz also testified at the revocation hearing. He acknowledged his prior convictions, as well as his new conviction, and stated that he was now "just trying to be a better person all the way around, doing what I need to do, work maintain, you know and just do what needs to be done." He denied using alcohol or drugs while on probation. As part of his punishment for a past revocation, Foltz attended Community Corrections Alternative Program (CCAP) but was unable to complete the program due to a medical condition causing seizures. As of the date of the revocation hearing, Foltz was still ineligible for CCAP due to his ongoing medical condition.

After considering the evidence and the parties' arguments, the trial court found Foltz in violation of his probation, revoked the suspension of his remaining time, and resuspended all but five years of his sentence. This appeal followed.

ANALYSIS

Foltz argues that the trial court abused its discretion when it sentenced him to a total of five years' incarceration following his sixth probation violation. After suspending a sentence, a trial court "may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court." Code § 19.2-306(A). "In revocation appeals, the trial court's 'findings of fact and judgment will not

- 3 -

be reversed unless there is a clear showing of abuse of discretion.'" *Jacobs v. Commonwealth*, 61 Va. App. 529, 535 (2013) (quoting *Davis v. Commonwealth*, 12 Va. App. 81, 86 (1991)).

> An abuse of discretion . . . can occur in three principal ways: when a relevant factor that should have been given significant weight is not considered; when an irrelevant or improper factor is considered and given significant weight; and when all proper factors, and no improper ones, are considered, but the court, in weighing those factors, commits a clear error of judgment.

*Landrum v. Chippenham & Johnston-Willis Hosps., Inc.*, 282 Va. 346, 352 (2011).

Foltz acknowledged that he has had numerous probation violations since his first conviction for unlawful wounding in 2008. Nevertheless, he argues that the trial court's decision to impose a five-year active sentence "was an arbitrary abuse of the [t]rial court's discretion in consideration of the testimonial evidence before it."

Far from being arbitrary, the court reviewed in detail Foltz's thirteen-year history with the court, summarizing each of his prior probation violations. In particular, the court explained that during Foltz's fifth probation violation hearing the court had stated:

> you gotta just make sure you focus so hard on not violating your probation again because it looks like it would be your fourth or fifth violation if you came back and you have a lot of time over your head. . . . Please, please focus this time, no one wants to see you have to serve that time but you know the options are running out.

The trial court also carefully considered the mitigating evidence Foltz provided, noting that he had done a good job with CCAP, and took time to understand why Foltz was no longer able to participate in CCAP. The trial court explained his CCAP ineligibility was "not [his] fault" and that "I just want to know in fairness to this man . . . what the options are on the table." The court noted that Foltz "can be very productive" and that he has "an extraordinarily high work ethic which is to be commended."

Ultimately, the court weighed the mitigating and aggravating evidence, which included that Foltz had incurred new criminal convictions. In announcing the sentence, the trial court explained

that a five-year active sentence for this sixth violation still represented "less than one-third of the time before the Court that it could've revoked." The weight to assign to any mitigating factors appellant presented was within the trial court's purview. *See Keselica v. Commonwealth*, 34 Va. App. 31, 36 (2000). We cannot say that the trial court abused its discretion in imposing a five-year sentence.

Moreover, to the extent that appellant argues that his sentence was disproportionate, this Court declines to engage in a proportionality review in cases that do not involve life sentences without the possibility of parole. *Cole v. Commonwealth*, 58 Va. App. 642, 653-54 (2011). We noted in *Cole* that the Supreme Court of the United States "has never found a non-life 'sentence for a term of years within the limits authorized by statute to be, by itself, a cruel and unusual punishment' in violation of the Eighth Amendment." *Id.* at 653 (quoting *Hutto v. Davis*, 454 U.S. 370, 372 (1982) (*per curiam*)). *Cf. Vasquez v. Commonwealth*, 291 Va. 232, 243 (2016) (rejecting Eighth Amendment challenge to 133-year active sentence because the sentence was imposed for "eighteen separate crimes").

CONCLUSION

For the foregoing reasons, the trial court's decision is affirmed.

*Affirmed*.