UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges Malveaux, Fulton and White

DERRICK ALEXANDER MARKS

v.     Record No. 0512-22-4

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*]
PER CURIAM
DECEMBER 29, 2022

FROM THE CIRCUIT COURT OF FAUQUIER COUNTY
James E. Plowman, Jr., Judge

(Paul D. Fore, Senior Trial Attorney; Office of the Public Defender,
on brief), for appellant.

(Jason S. Miyares, Attorney General; Jason D. Reed, Assistant
Attorney General, on brief), for appellee.

Following his guilty pleas, the trial court convicted Derrick Alexander Marks of possession

of a Schedule I or II controlled substance and leaving the scene of an accident. The trial court

sentenced Marks to a total of two years and twelve months' incarceration. On appeal, Marks argues

that the trial court abused its sentencing discretion. After examining the briefs and record in this

case, the panel unanimously holds that oral argument is unnecessary because "the dispositive issue"

in this appeal has been "authoritatively decided, and the appellant has not argued that the case law

should be overturned, extended, modified, or reversed." Code § 17.1-403(ii)(b); Rule 5A:27(b).

BACKGROUND

On appeal, we recite the facts "in the 'light most favorable' to the Commonwealth, the

prevailing party in the trial court." *Hammer v. Commonwealth*, 74 Va. App. 225, 231 (2022)

(quoting *Commonwealth v. Cady*, 300 Va. 325, 329 (2021)). Doing so requires us to "discard the

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom." *Cady*, 300 Va. at 329 (quoting *Commonwealth v. Perkins*, 295 Va. 323, 324 (2018)).

On January 13, 2022, Marks pleaded guilty to possession of a Schedule I or II controlled substance and leaving the scene of an accident. Based on his pleas, the trial court found Marks guilty of both charges. During the sentencing phase at the March 10, 2022 hearing, Marks's girlfriend testified that he helped her during her illness, treated her disabled son well, and interacted with her family often. She stated that Marks was working at a restaurant and she was "trying to keep him out of trouble."

Marks argued that he had served approximately forty days on these charges. He recently had been released from a fourteen-month sentence; he had obtained full-time employment and was on the "right track." Marks was cooperative with probation and otherwise was doing well. In addition, he accepted responsibility and pleaded guilty to the charges. Marks asked the trial court to sentence him to time served. The Commonwealth argued that even after Marks was arrested on the instant charges, he committed similar acts in another jurisdiction, incurring similar charges. The Commonwealth asked the trial court to consider Marks's criminal history, including those subsequent charges, and sentence him toward "the high end of the guidelines."[1] In allocution, Marks expressed his remorse and took full responsibility for his actions.

After considering the evidence and argument by counsel, the trial court sentenced Marks to serve two years and twelve months' incarceration. The trial court found that the sentencing guidelines were inadequate. It noted that Marks had received many opportunities to reform his

---

[1] The discretionary sentencing guidelines recommended an active sentence ranging between three and six months' incarceration.

behavior, so Marks was not a suitable candidate for alternative services, including probation. Marks appeals.

ANALYSIS

Marks argues that the sentence the trial court imposed represents an abuse of its discretion because it improperly gave significant weight to his criminal history. Marks asserts that his criminal record was accounted for when the sentencing guidelines were calculated.

"We review the trial court's sentence for abuse of discretion." *Scott v. Commonwealth*, 58 Va. App. 35, 46 (2011). "[W]hen a statute prescribes a maximum imprisonment penalty and the sentence does not exceed that maximum, the sentence will not be overturned as being an abuse of discretion." *Minh Duy Du v. Commonwealth*, 292 Va. 555, 564 (2016) (quoting *Alston v. Commonwealth*, 274 Va. 759, 771-72 (2007)). "[O]nce it is determined that a sentence is within the limitations set forth in the statute under which it is imposed, appellate review is at an end." *Thomason v. Commonwealth*, 69 Va. App. 89, 99 (2018) (quoting *Minh Duy Du*, 292 Va. at 565). "[A] circuit court's failure to follow the [discretionary sentencing] guidelines is 'not . . . reviewable on appeal.'" *Fazili v. Commonwealth*, 71 Va. App. 239, 248 (2019) (third alteration in original) (quoting Code § 19.2-298.01(F)). Here, Marks's sentences were within the sentencing ranges set by the legislature. *See* Code §§ 18.2-10, 18.2-11, 18.2-250, 46.2-896, 46.2-900.

To the extent that Marks argues that his sentence was disproportionate, the Court declines to engage in a proportionality review in cases that do not involve life sentences without the possibility of parole. *Cole v. Commonwealth*, 58 Va. App. 642, 654 (2011). We noted in *Cole* that the Supreme Court of the United States "has never found a non-life 'sentence for a term of years within the limits authorized by statute to be, by itself, a cruel and unusual punishment' in violation of the Eighth Amendment." *Id.* at 653 (quoting *Hutto v. Davis*, 454 U.S. 370, 372

- 3 -

(1982) (per curiam)).  *Cf. Vasquez v. Commonwealth*, 291 Va. 232, 243 (2016) (rejecting Eighth Amendment challenge to 133-year active sentence because the sentence was imposed for "eighteen separate crimes").  Thus, we decline to conduct a proportionality review in this case.  *Id.*

Additionally, it was within the trial court's purview to weigh Marks's mitigating evidence.  *Keselica v. Commonwealth*, 34 Va. App. 31, 36 (2000).  "Criminal sentencing decisions are among the most difficult judgment calls trial judges face."  *Minh Duy Du*, 292 Va. at 563.  "Because this task is so difficult, it must rest heavily on judges closest to the facts of the case—those hearing and seeing the witnesses, taking into account their verbal and nonverbal communication, and placing all of it in the context of the entire case."  *Id.*  The record demonstrates that the trial court considered the mitigating evidence and circumstances Marks presented, including his employment and relationships with his girlfriend and her child.  Balanced against those circumstances, however, was Marks's continued criminal conduct within a short time of his release from an earlier period of incarceration, including incurring additional charges after those at issue here.  After considering all the circumstances, the trial court imposed the sentence that it deemed appropriate.  That sentence was "within the statutory range, and our task is complete."  *Thomason*, 69 Va. App. at 99.

## CONCLUSION

For the foregoing reasons, the trial court's judgment is affirmed.

*Affirmed.*