COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Chaney, Raphael and Callins


BRESHON AVONTE EVINS

                                               MEMORANDUM OPINION[*]

v.      Record No. 0308-22-2                        PER CURIAM
                                             DECEMBER 29, 2022

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF HENRICO COUNTY
John Marshall, Judge

(Owen I. Conway; Owen I. Conway, PLLC, on brief), for appellant.
Appellant submitting on brief.

(Jason S. Miyares, Attorney General; Elizabeth Kiernan Fitzgerald,
Assistant Attorney General, on brief), for appellee.


Following his no contest plea, the trial court convicted Breshon Avonte Evins as an accessory after the fact to first-degree murder; it sentenced him to five years' incarceration with one year suspended. On appeal, Evins argues that the trial court abused its discretion in imposing this sentence. After examining the briefs and record in this case, the panel unanimously holds that oral argument is unnecessary because "the appeal is wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a). The trial court's judgment is affirmed.

BACKGROUND

Before accepting his no contest plea, the trial court conducted a colloquy with Evins to ensure it was entered freely and voluntarily. During the colloquy, Evins confirmed that he understood the nature of the charge and what the Commonwealth would have to prove to convict him. After discussing the charge with his attorney, he decided to plead no contest because he "did

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

in fact commit the offense as charged." Evins understood that he could be sentenced to a maximum of five years' incarceration. The trial court accepted Evins's plea, finding that he entered it freely, voluntarily, and intelligently.

The Commonwealth proffered that in September 2020, Amaru Aruna asked Evins to give him a gun so that he could kill Joshua Mitrenga. Evins complied, "knowing that the gun was going to be used against . . . Mitrenga," and went home. Later, Aruna led Mitrenga into an isolated area and "shot him four times, killing him." Immediately after the shooting, Aruna ran to Evins's house and gave him the gun. Evins kept the gun "for some time" before returning it to Aruna. Aruna visited Evins two days after the shooting; as they smoked and discussed the homicide, Evins asked Aruna if Aruna was "safe." Evins gave multiple, contradictory versions of his involvement in the killing to police. In the "final version," "detectives gleaned from" Evins that he gave Aruna the gun and, subsequently, heard the shooting as Evins left "the scene." Police also interviewed Aruna, who gave a "full confession" but claimed that he had "acted alone" and "no one helped him." Evins agreed with the Commonwealth's proffer, adding only that Aruna instructed him to sell the gun after the shooting.

Based on Evins's plea and the proffered evidence, the trial court convicted Evins as an accessory after the fact to first-degree murder and continued the case for sentencing. At the sentencing hearing, Mitrenga's grandmother testified that her family was struggling through "many stages of grief" and had "not healed." The trial court also accepted a victim impact statement written by the Mitrenga family, which described Mitrenga as "an [e]xquisite human being [who] loved classical music, poetry, [and] philosophy." Mitrenga's murder had "shattered" the family; his relatives were "numb," "broken," and "destroyed."

The Commonwealth asked the trial court to sentence Evins to five years of incarceration. It argued that Mitrenga's murder was "senseless" and "another example of young people . . . using

guns indiscriminately." The Commonwealth acknowledged that Evins was nineteen years old and had no criminal record but emphasized the devastating impact of the offense on the Mitrenga family.

In response, Evins argued that he was a "young man" who had "made a bad decision" but did not "pull the trigger." Stressing that he had been convicted only as an accessory after the fact, Evins asserted that he did not give Aruna the gun before the shooting. He argued that his shifting story during his police interview was attributable to a misguided desire to protect Aruna, a sixteen-year-old boy. Evins emphasized that he ultimately was forthcoming with the police and led them to the killer. Accordingly, he asked the trial court to sentence him to a period of five years' incarceration, with four years suspended. In allocution, Evins apologized "for what happened to Joshua Mitrenga" and had "apologized to [Mitrenga's] family for what happened to him." Evins further stated that he was not "there" and assured the trial court that he would not "murder" anyone. He had been reflecting upon his actions for seven months and was "ready to change virtually everything" about his life.

The trial court found that, considering all the evidence, it was unknown whether Evins had given Aruna the gun before the shooting. The trial court also found that it was appropriate to consider Evins's youth and lack of a criminal record, noting, "To discount that is not fair in my eyes." Despite consideration of those mitigating factors, the trial court found that the case involved a "senseless killing" and Evins "knew a hundred percent what happened." Accordingly, it sentenced him to five years' incarceration with one year suspended. Evins appeals.

ANALYSIS

"We review the trial court's sentence for abuse of discretion." *Scott v. Commonwealth*, 58 Va. App. 35, 46 (2011). It is well-established that "when a statute prescribes a maximum imprisonment penalty and the sentence does not exceed that maximum, the sentence will not be

overturned as being an abuse of discretion." *Minh Duy Du v. Commonwealth*, 292 Va. 555, 564 (2016) (quoting *Alston v. Commonwealth*, 274 Va. 759, 771-72 (2007)). "[O]nce it is determined that a sentence is within the limitations set forth in the statute under which it is imposed, appellate review is at an end." *Thomason v. Commonwealth*, 69 Va. App. 89, 99 (2018) (quoting *Minh Duy Du*, 292 Va. at 565). Evins's sentence was within the range set by the legislature. *See* Code §§ 18.2-10, 18.2-19.

Evins argues that the trial court erred by imposing four years of active incarceration. He argues that his sentence was "excessive" given his youth and lack of criminal record. He emphasizes that his statements to police "ultimately led to the shooter" and asserts that he "accepted responsibility" and "should have been given a lesser sentence." We disagree.

To the extent Evins argues that his sentence was excessive and disproportionate, this Court declines to engage in a proportionality review in cases that do not involve life sentences without the possibility of parole. *Cole v. Commonwealth*, 58 Va. App. 642, 654 (2011). We noted in *Cole* that the Supreme Court of the United States "has never found a non-life 'sentence for a term of years within the limits authorized by statute to be, by itself, a cruel and unusual punishment' in violation of the Eighth Amendment." *Id.* at 653 (quoting *Hutto v. Davis*, 454 U.S. 370, 372 (1982) (per curiam)). *Cf. Vasquez v. Commonwealth*, 291 Va. 232, 243 (2016) (rejecting Eighth Amendment challenge to 133-year active sentence because the sentence was imposed for "eighteen separate crimes"). "It lies within the province of the legislature to define and classify crimes and to determine the punishments for those crimes." *DePriest v. Commonwealth*, 33 Va. App. 754, 764 (2000).

It was within the trial court's purview to weigh the mitigating evidence Evins presented. *Keselica v. Commonwealth*, 34 Va. App. 31, 36 (2000). "Criminal sentencing decisions are among the most difficult judgment calls trial judges face." *Minh Duy Du*, 292 Va. at 563.

"Because this task is so difficult, it must rest heavily on judges closest to the facts of the case—those hearing and seeing the witnesses, taking into account their verbal and nonverbal communication, and placing all of it in the context of the entire case." *Id.* The record demonstrates that the trial court expressly considered the mitigating evidence Evins cites on appeal, including his youth, lack of a criminal record, and the information he gave during his police interview. Balanced against that evidence, however, was Mitrenga's "senseless" death and the devastating impact it had on his family. Moreover, despite knowing what Aruna had done, Evins agreed to keep the gun Aruna used to murder Mitrenga for "some time" immediately after the shooting. After considering the evidence, the trial court imposed the sentence it deemed appropriate. That sentence was "within the statutory range, and our task is complete." *Thomason*, 69 Va. App. at 99.

## CONCLUSION

For the foregoing reasons, the trial court's judgment is affirmed.

*Affirmed*.