COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges O'Brien, Causey and Friedman


DAVID WAYNE DORSET

MEMORANDUM OPINION*
v.        Record No. 0150-22-1                              PER CURIAM
                                                    FEBRUARY 14, 2023
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF YORK COUNTY
William H. Shaw, III, Judge Designate

(Michael A. Hyman; Collins & Hyman, PLC, on brief), for
appellant. Appellant submitting on brief.

(Jason S. Miyares, Attorney General; Tanner M. Russo, Assistant
Attorney General, on brief), for appellee.


David Wayne Dorset appeals the trial court's decision to revoke his previously suspended

sentence and reimpose two months of active incarceration. After examining the briefs and record

in this case, the panel unanimously holds that oral argument is unnecessary because "the appeal is

wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a). We affirm the trial court's

judgment.

BACKGROUND[1]

Dorset pleaded guilty in June 2018 to contributing to the delinquency of a minor, and the

trial court sentenced him to twelve months in jail with ten months suspended. In March 2019,

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Under settled principles, we state the facts in the light most favorable to the
Commonwealth, the prevailing party below. *Gerald v. Commonwealth*, 295 Va. 469, 472-73
(2018).

the trial court found Dorset in violation of his probation, revoked his previously suspended sentence, and resuspended all but one month.

On September 28, 2021, the trial court issued a show cause order based on the Commonwealth's allegation that Dorset had been charged with assault and battery against a family member (offense date of June 14, 2021) and failure to appear (offense date of September 7, 2021). Dorset was subsequently convicted of domestic assault and battery, for which he received a sentence of twelve months in jail, all suspended.

Dorset acknowledged his 2021 domestic assault and battery conviction at a violation hearing in January 2022. He testified that he was employed and was working to support his family. During argument, he asserted that the assault and battery charge was not severe, as evidenced by the fully suspended sentence. Dorset did not request any particular sentence but asked the court to consider the time he had already spent in jail. The trial court revoked his previously suspended sentence and resuspended all but two months. Following entry of the revocation order, Dorset moved, *pro se*, to serve his sentence on weekends. The trial court denied the motion. This appeal follows.

## ANALYSIS

Dorset's sole argument on appeal is that his sentence is cruel and unusual because it is "totally disproportionate to the crime of which he had been convicted" and is "substantially longer than the sentences for the underlying crime." He concedes that he did not raise this issue in the trial court but invokes the ends of justice exception to Rule 5A:18.[2] We hold that the ends of justice do not excuse Dorset's failure to preserve his argument.

---

[2] "No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." Rule 5A:18.

"The ends of justice exception to Rule 5A:18 is narrow and is to be used sparingly." *Flanagan v. Commonwealth*, 58 Va. App. 681, 694 (2011) (quoting *Copeland v. Commonwealth*, 42 Va. App. 424, 442 (2004)). "In order to avail oneself of the exception, [Dorset] must affirmatively show that a miscarriage of justice has occurred, not that a miscarriage *might* have occurred." *Holt v. Commonwealth*, 66 Va. App. 199, 210 (2016) (*en banc*) (quoting *Redman v. Commonwealth*, 25 Va. App. 215, 221 (1997)).

"In revocation appeals, the trial court's 'findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion.'" *Jacobs v. Commonwealth*, 61 Va. App. 529, 535 (2013) (quoting *Davis v. Commonwealth*, 12 Va. App. 81, 86 (1991)). After suspending a sentence, a trial court "may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court." Code § 19.2-306(A). "If the court, after hearing, finds good cause to believe that the defendant has violated the terms of suspension, then the court may revoke the suspension and impose a sentence in accordance with the provisions of § 19.2-306.1." Code § 19.2-306(C). If the basis of the violation is that the defendant committed a new criminal offense, the court may "impose or resuspend any or all of that period previously suspended." Code § 19.2-306.1(B).[3]

Dorset argues that his sentence violates the Eighth Amendment because it is disproportionate to his offense. It is well established that we will not engage in a proportionality

---

[3] Code § 19.2-306(C) was amended and Code § 19.2-306.1 was codified effective July 1, 2021. 2021 Va. Acts Spec. Sess. I ch. 538. This Court has not yet decided whether application of the amendments requires that the probation violation occur after July 1, 2021, or merely whether the revocation proceedings must be initiated after that date. *See Green v. Commonwealth*, 75 Va. App. 69, 84 n.4 (2022). Here, revocation proceedings were initiated after July 1 for a violation committed before July 1 and another violation committed after. We need not resolve this issue today, however, because the result is the same whether we apply the old or the new statute.

review in cases that do not involve life sentences without the possibility of parole. *Cole v. Commonwealth*, 58 Va. App. 642, 653-54 (2011). We noted in *Cole* that the Supreme Court of the United States "has never found a non-life 'sentence for a term of years within the limits authorized by statute to be, by itself, a cruel and unusual punishment' in violation of the Eighth Amendment." *Id.* (quoting *Hutto v. Davis*, 454 U.S. 370, 372 (1982) (per curiam)); *cf. Vasquez v. Commonwealth*, 291 Va. 232, 243 (2016) (rejecting Eighth Amendment challenge to 133-year active sentence because the sentence was imposed for "eighteen separate crimes"). Accordingly, the ends of justice do not excuse Dorset's failure to preserve his argument in the trial court.

CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment.

*Affirmed*.