COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges O'Brien, Ortiz and Raphael

BRIAN RICHARDSON

v.       Record No. 0422-22-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION*
PER CURIAM
FEBRUARY 14, 2023

FROM THE CIRCUIT COURT OF THE CITY OF PETERSBURG
Joseph M. Teefey, Jr., Judge

(Sante John Piracci, on brief), for appellant.  Appellant submitting
on brief.

(Jason S. Miyares, Attorney General; William K. Hamilton, Assistant
Attorney General, on brief), for appellee.


Brian Richardson appeals the trial court's decision to revoke his previously suspended

sentences and reimpose three years of active incarceration.  He argues that the trial court abused

its discretion by not giving adequate weight to his mitigation evidence.  After reviewing the briefs

and record, the panel unanimously holds that oral argument is unnecessary because "the appeal is

wholly without merit."  Code § 17.1-403(ii)(a); Rule 5A:27(a).  Because the trial court considered

and weighed the mitigation evidence, and the sentence comports with Code § 19.2-306(A), we

affirm the trial court's judgment.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND[1]

In October 2006, Richardson pleaded guilty to three counts of distribution of cocaine, for which the trial court sentenced him to sixty years' imprisonment, with fifty-six years suspended. In September 2013, Richardson pleaded guilty to possession of a controlled substance and felony failure to appear, for which the trial court sentenced him to fifteen years' imprisonment, with fourteen years and six months suspended. It did not impose an additional period of incarceration based on Richardson's violation of his earlier suspended sentences. In May 2015, Richardson pleaded guilty to possession of a controlled substance and felony eluding law enforcement, for which the trial court sentenced him to ten years' imprisonment, with seven years and nine months suspended. In October 2015, the trial court found that Richardson had, again, violated the conditions of his suspended sentences, revoked his suspended sentence for failure to appear, and resuspended all but eight months.

In July 2019, the trial court again revoked Richardson's suspended sentences for several violations, resuspended each sentence in its entirety, and ordered him to complete the Community Corrections Alternative Program (CCAP). It initially ordered incarceration until Richardson entered the program, but it amended the order and released Richardson to probation in April 2020 until program entry, due to the pandemic. The release order required Richardson to report to probation and parole "upon release within 72 hours [and] keep in contact with probation to be advised of when to report to CCAP." In October 2019, Richardson pleaded guilty to possessing a Schedule I or II controlled substance, for which the trial court sentenced him to ten years' incarceration with eight years and eight months suspended.

---

[1] Under settled principles, we state the facts in the light most favorable to the Commonwealth, the prevailing party below. *Gerald v. Commonwealth*, 295 Va. 469, 472 (2018).

In June 2020, Richardson's probation officer filed two major violation reports, stating that Richardson had not contacted his probation officer as required after his release in April 2020. Probation's attempts to contact Richardson were unsuccessful. On June 19, 2021, the trial court issued a capias to show cause. In September 2021, Richardson's probation officer submitted an addendum to the major violation reports, alleging that Richardson had been arrested for two counts of possessing a Schedule I or II controlled substance, one count of felony eluding law enforcement, one count of driving under the influence, and several traffic infractions. In February 2022, Richardson's probation officer submitted a second addendum indicating that Richardson had been convicted of possession of a controlled substance and felony eluding in Prince George County and that the remaining charges had been *nolle prosequied*. Neither the violation reports nor the addenda referred to Richardson's failure to enroll in and complete the CCAP.

Richardson stipulated to the violations at the revocation hearing in March 2022.[2] Richardson's fiancée testified that she and Richardson owned several businesses together and that Richardson supported his children and participated in substance abuse treatment. Richardson informed the court that he had been working in the kitchen during his incarceration, but he did not argue for any particular disposition. The trial court revoked most[3] of his previously suspended sentences and resuspended all but three years. The court summarized Richardson's violations: "[H]e doesn't report like he's supposed to and then he picks up new

_____

[2] The parties did not explicitly argue whether the amendments to Code § 19.2-306(C) and codification of Code § 19.2-306.1 applied to Richardson's revocation hearing. When informed that Richardson had committed new criminal offenses, the trial court explained that "that really converts all of this to a new law violation" and asked if the parties "were comfortable proceeding on those terms." Both parties indicated that they were. Probation prepared guidelines using the amendments to the statutory scheme governing revocation proceedings.

[3] The trial court dismissed the show cause order pertaining to Richardson's 2013 failure to appear conviction.

charges and his criminal history is just kind of a never-ending sequence of criminal behavior." The court did not reference the CCAP requirement when finding Richardson in violation or imposing its sentence.

The following day, Richardson filed a motion to reconsider, proffering, for the first time, "that he was told that the CCAP was not accepting people because of the coronavirus pandemic and that probation would reach out to him when it was accepting people again." An email from CCAP staff to Richardson's fiancée after Richardson's arrest indicated that the program had not been closed but that transportation had been temporarily suspended until June 2020. CCAP staff further stated that "[w]e attempted to get Mr. Richardson for an intake shortly after transportation continued, but probation was never able to get in contact with him." The trial court denied reconsideration without explanation. Richardson appeals.

ANALYSIS

Richardson's sole argument on appeal is that the trial court abused its discretion by revoking three years of his suspended sentences. "In revocation appeals, the trial court's 'findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion.'" *Jacobs v. Commonwealth*, 61 Va. App. 529, 535 (2013) (quoting *Davis v. Commonwealth*, 12 Va. App. 81, 86 (1991)). After suspending a sentence, a trial court "may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court." Code § 19.2-306(A). "If the court, after hearing, finds good cause to believe that the defendant has violated the terms of suspension, then the court may revoke the suspension and impose a sentence in accordance with the provisions of § 19.2-306.1." Code § 19.2-306(C). If the

violation is due to a new criminal offense, the court may "impose or resuspend any or all of that period previously suspended." Code § 19.2-306.1(B).[4]

Richardson argues that the trial court placed too little weight on his explanation for why he did not complete the CCAP. He also argues that the trial court "should have given more weight to the positive things the defendant had accomplished between" his release from incarceration and his arrest. Weighing any mitigating factors presented by a defendant falls within the trial court's purview. *Keselica v. Commonwealth*, 34 Va. App. 31, 36 (2000). This Court will not disturb the trial court's judgment based on its assessment of Richardson's mitigation evidence alone. Regarding Richardson's failure to complete the CCAP, neither the major violation reports nor the trial court mentioned that failure as a violation. Instead, both focused on Richardson's new criminal offenses and his failure to report to probation. In short, Richardson fails to show that the trial court abused its discretion in revoking his previously suspended sentences and reimposing three years of active incarceration.

To the extent Richardson argues his sentence is disproportionate, it is well established that "proportionality review 'is not available for any sentence less than life imprisonment without the possibility of parole.'" *Cole v. Commonwealth*, 58 Va. App. 642, 654 (2011) (quoting *United States v. Malloy*, 568 F.3d 166, 180 (4th Cir. 2009)). We noted in *Cole* that the Supreme Court of the United States "has never found a non-life 'sentence for a term of years within the limits authorized by statute to be, by itself, a cruel and unusual punishment' in

---

[4] Code § 19.2-306(C) was amended and Code § 19.2-306.1 was codified effective July 1, 2021. 2021 Va. Acts Spec. Sess. I ch. 538. The Commonwealth appears to have agreed to proceed under the new statutory scheme for purposes of Richardson's revocation proceeding. *See Heart v. Commonwealth*, 75 Va. App. 453, 463-64 (2022) (finding consent to proceed under the amendments where the probation officer prepared guidelines relying on the amendments and the Commonwealth did not object to application of the amendments). In any event, because Richardson committed new criminal offenses, whether the old or new law applies does not affect the outcome of this appeal.

violation of the Eighth Amendment." *Id.* at 653 (quoting *Hutto v. Davis*, 454 U.S. 370, 372 (1982) (per curiam)).

CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment.

*Affirmed*.