# COURT OF APPEALS OF VIRGINIA

Present: Judges O'Brien, Ortiz and Senior Judge Haley

JAMES WALTER SPRIGGS, IV

v.      Record No. 1727-22-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*]
PER CURIAM
JUNE 27, 2023

FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
Stephen C. Mahan, Judge

(Josue M. Casanova, on briefs), for appellant.

(Jason S. Miyares, Attorney General; David A. Mick, Assistant
Attorney General, on brief), for appellee.


Following his guilty plea, the trial court convicted James Walter Spriggs, IV, of aggravated

sexual battery of a victim under 13 years of age. The trial court sentenced him to 20 years'

incarceration with 8 years suspended. On appeal, Spriggs argues that the trial court abused its

discretion in imposing this sentence. After examining the briefs and record in this case, the panel

unanimously holds that oral argument is unnecessary because "the appeal is wholly without merit."

Code § 17.1-403(ii)(a); Rule 5A:27(a).

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413.

BACKGROUND[1]

On June 7, 2022, Spriggs pleaded guilty to aggravated sexual battery of a child under 13 years of age. In the written plea colloquy, Spriggs stated that he understood that the maximum punishment for this offense was 20 years' imprisonment. He also confirmed that he had discussed the sentencing guidelines with his attorney and that he understood that the trial court was not bound by the guidelines and could impose a sentence above the guidelines range.

The parties stipulated that the Commonwealth's evidence would show that, in October 2021, Spriggs went to Tony Green's residence to watch football. "At one point," Green "walked into the kitchen" and saw Spriggs standing behind Green's 11-year-old daughter T.G. Spriggs's hands were in T.G.'s pants. "When confronted about what he was doing," Spriggs "stated [that] 'he had had too much to drink.'" T.G. later stated that Spriggs "put his hands in her pants and touched her private part through her underwear." She also stated that Spriggs had "touched her butt" during the previous summer and "told her [that] 'she did not have to tell her father.'"

In the plea agreement that the parties signed on June 7, 2022, they agreed to "cap" Spriggs's sentence at nine years. The trial court subsequently rejected the plea agreement. Spriggs declined to withdraw his guilty plea, and the parties executed an amended plea agreement with a maximum sentence of 12 years.

The discretionary sentencing guidelines called for two years and nine months on the low end to nine years and three months on the high end, with a midpoint of six years and seven months. Spriggs asked the trial court for a three-year sentence. He asserted that the circumstances of the

---

[1] On appeal, we recite the facts "in the 'light most favorable' to the Commonwealth, the prevailing party in the trial court." *Hammer v. Commonwealth*, 74 Va. App. 225, 231 (2022) (quoting *Commonwealth v. Cady*, 300 Va. 325, 329 (2021)). Doing so requires that we "discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom." *Cady*, 300 Va. at 329 (quoting *Commonwealth v. Perkins*, 295 Va. 323, 324 (2018)).

offense supported this sentence because the crime was not violent, he did not "threat[en]" or "coerc[e]" T.G., and "there were only two incidents that were reported by the victim." Spriggs acknowledged his lengthy criminal history but contended that "[t]he last offense that could technically have a victim" was "an indecent display" in 2014.

Further, Spriggs argued that a longer sentence would "increase[] his chances of reoffending" by "chip[ping] away at [his] support system." His employer at the time of his arrest in this case could not "wait to get him back," and a lengthy sentence would "make it harder" for Spriggs to "reenter the work force." He also emphasized his strong family relationships and that his family "rel[ied] on him for their support." In sum, Spriggs had "more of a chance" for rehabilitation with a sentence at the low end of the guidelines range than a sentence of 9 to 12 years.

The trial court asked defense counsel to address rehabilitation in the context of Spriggs's "unbroken criminal record beginning in 1988 through the present." The trial court noted that Spriggs had "24 misdemeanor convictions," including misdemeanor sexual battery convictions, 3 "felony sentencing events," more than a dozen periods of incarceration, and parole and probation revocations. Defense counsel responded that the psychosexual evaluation recommended "further treatment" and that sex offender treatment would "allow for some chance" of rehabilitation.

The Commonwealth responded that the circumstances of the offense did not support Spriggs's requested sentence. It highlighted Spriggs's misdemeanor sexual battery convictions, his 2013 indecent liberties conviction, and multiple convictions for failing to register as a sex offender. Further, the psychosexual evaluation "note[d] a pattern of predatory sexual behaviors" and classified Spriggs as "well above average" to reoffend. The Commonwealth stated that Spriggs's "only saving grace" was waiving a preliminary hearing and pleading guilty, so T.G. did not have to testify. Accordingly, the Commonwealth asked the trial court to impose a 12-year sentence.

The trial court sentenced Spriggs to 20 years' incarceration with 8 years suspended, for an active sentence of 12 years. It noted that Spriggs's decision to accept responsibility and plead guilty "factored into the [c]ourt's determination to accept" the amended plea agreement capping the sentence at 12 years. The trial court explained that it deviated upward from the guidelines range because of its assessment of Spriggs's "serious risk of reoffending." Additionally, the trial court concluded that the guidelines inadequately weighed Spriggs's criminal history, particularly his "offenses of a sexual nature and documented difficulties" complying with post-release supervision, "including registration as a sexual offender." In its written explanation for the upward departure, the trial court also noted the "predatory and opportunistic nature" of the offense.

Spriggs now appeals, arguing that the trial court erred by sentencing him to 12 years' active incarceration.

ANALYSIS

"We review the trial court's sentence for abuse of discretion." *Scott v. Commonwealth*, 58 Va. App. 35, 46 (2011). "[W]hen a statute prescribes a maximum imprisonment penalty and the sentence does not exceed that maximum, the sentence will not be overturned as being an abuse of discretion." *Minh Duy Du v. Commonwealth*, 292 Va. 555, 564 (2016) (quoting *Alston v. Commonwealth*, 274 Va. 759, 771-72 (2007)).

Spriggs contends that the trial court abused its discretion by failing to adequately consider Spriggs's "rehabilitative potential, the nonviolent nature of the offense, and the generally nonviolent nature" of Spriggs's criminal history. We disagree. The record shows that the trial court requested that defense counsel address Spriggs's potential for rehabilitation. The trial court expressly considered this potential and concluded—given his lengthy criminal history, failure to register as a sex offender, and failure to comply with supervision—that he presented an above average risk to reoffend.

- 4 -

Further, the record shows that the trial court considered the circumstances of the offense. Based on the stipulated evidence, we have no cause to disturb the trial court's finding that the offense was "predatory and opportunistic." Additionally, the trial court expressed concerns about the nature of the offense given Spriggs's criminal history. Although Spriggs focused on what he characterized as the nonviolent nature of his criminal history, the trial court focused on his history of sexual offenses and his repeated failures to comply with supervision and register as a sex offender.

Spriggs also contends that, because the discretionary sentencing guidelines already account for circumstances of the offense and Spriggs's criminal history, the trial court gave inappropriate weight to those factors. But the trial court was not bound by the weight the guidelines placed on these factors. It was within the trial court's purview to weigh the mitigating arguments Spriggs presented. *Keselica v. Commonwealth*, 34 Va. App. 31, 36 (2000). The trial court did so and explained why it imposed a sentence above the range recommended by the discretionary sentencing guidelines. We thus reject Spriggs's argument that the trial court failed to consider his mitigating evidence.

To the extent that Spriggs's argument that the sentence is "excessive and disproportionate to the circumstances" is intended to present a proportionality challenge, we must reject it.[2] Moreover, Spriggs agreed to a maximum sentence of 12 years when he entered the plea agreement. "The defendant, having agreed upon the action taken by the trial court, should not be

---

[2] This Court declines to engage in a proportionality review in cases that do not involve life sentences without the possibility of parole. *Cole v. Commonwealth*, 58 Va. App. 642, 653-54 (2011). We noted in *Cole* that the Supreme Court of the United States "has never found a non-life 'sentence for a term of years within the limits authorized by statute to be, by itself, a cruel and unusual punishment' in violation of the Eighth Amendment." *Id.* at 653 (quoting *Hutto v. Davis*, 454 U.S. 370, 372 (1982) (per curiam)). *Cf. Vasquez v. Commonwealth*, 291 Va. 232, 243 (2016) (rejecting Eighth Amendment challenge to 133-year active sentence because the sentence was imposed for "eighteen separate crimes").

allowed to assume an inconsistent position." *Clark v. Commonwealth*, 220 Va. 201, 214 (1979). In arguing that a sentence equal to the maximum to which one agreed is "excessive and disproportionate to the circumstances," Spriggs is asking this Court to revise the written plea agreement he negotiated with the Commonwealth. "No litigant, even a defendant in a criminal case, will be permitted to approbate and reprobate-to invite error . . . and then to take advantage of the situation created by his own wrong." *Fisher v. Commonwealth*, 236 Va. 403, 417 (1988).

Under settled principles, we may consider only whether the sentence fell outside the permissible statutory range. *See Minh Duy Du*, 292 Va. at 564; *Valentine v. Commonwealth*, 18 Va. App. 334, 339 (1994). "It lies within the province of the legislature to define and classify crimes and to determine the punishments for those crimes." *DePriest v. Commonwealth*, 33 Va. App. 754, 764 (2000). The record establishes that the trial court carefully weighed the evidence before it and pronounced what it determined to be the proper and individualized sentence that the facts and circumstances warranted. "[O]nce it is determined that a sentence is within the limitations set forth in the statute under which it is imposed, appellate review is at an end." *Thomason v. Commonwealth*, 69 Va. App. 89, 99 (2018) (quoting *Minh Duy Du*, 292 Va. at 565). Spriggs was sentenced within the statutory range set by the legislature. *See* Code §§ 18.2-67.3, 18.2-67.10. Thus, our review is complete.

CONCLUSION

For the foregoing reasons, the trial court's judgment is affirmed.

*Affirmed.*