COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Beales, Ortiz and Causey

TRAJAN JEROME LANIER

MEMORANDUM OPINION*
v.      Record No. 1273-21-3                                          PER CURIAM
                                                                      JANUARY 10, 2023
COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF ROANOKE COUNTY
James R. Swanson, Judge

(Matthew T. Schottmiller, on brief), for appellant.

(Jason S. Miyares, Attorney General; Mason D. Williams, Assistant
Attorney General, on brief), for appellee.

Trajan Jerome Lanier pled guilty under a written plea agreement to possession of a firearm

while in possession of a Schedule II controlled substance and possession with intent to distribute

fentanyl. By final order entered November 9, 2021, the trial court sentenced him to twenty years of

incarceration with twelve years suspended. The trial court subsequently denied Lanier's motion to

reconsider his sentence. Lanier now challenges his sentence and the trial court's denial of his

motion to reconsider. After examining the briefs and record in this case, the panel unanimously

holds that oral argument is unnecessary because "the appeal is wholly without merit." Code

§ 17.1-403(ii)(a); Rule 5A:27(a). Because the trial court did not abuse its discretion in sentencing

Lanier and denying his motion to reconsider, we affirm.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND

Lanier and the Commonwealth entered a written plea agreement under which he agreed to plead guilty to possession of a firearm while in possession of a Schedule II controlled substance and possession with intent to distribute fentanyl. At the plea hearing, the Commonwealth proffered that through controlled purchases, the Roanoke Valley Regional Drug Unit identified Lanier as a supplier of fentanyl in the area. During a search of Lanier's residence, law enforcement seized "1,534 individual dose packets of fentanyl," a bag of 55 suspected fentanyl pills, and $4,930 in a bedroom closet. Officers seized three firearms from the bedroom and "numerous piles of ammunition in the bedroom and throughout the residence." They also found an additional "brick" of 50 individual dose packets of fentanyl on the kitchen table.

At the sentencing hearing, the probation officer testified that Lanier declined to provide a statement for the presentence report. Lanier testified that he took "responsibility for all of [his] actions that [he had] done" and realized that he had "made mistakes in the past." He stated that he had been employed for most of the twenty-one-month period since his arrest in this case. He also averred that his two sons had been born since his arrest and he would "never go back" to what he "did in the past" because he "need[ed] to set positive examples for them."

On cross-examination, Lanier identified the three firearms seized from his residence as an AK-47 rifle, a .300 Blackout rifle, and an AR-15 pistol. He asserted that he bought the firearms to take to the shooting range. Lanier averred that he sold narcotics to "[m]aybe three" customers and that he kept over 1,500 doses of narcotics "in reserve in case [his] customers needed it." In response to a question from the trial court, Lanier claimed that he believed he was selling heroin, not fentanyl.

Lanier asked the trial court to sentence him to two years on each charge with all time suspended. The Commonwealth asked the trial court to impose a thirty-year sentence with fifteen

years suspended, asserting that Lanier was a "high-quantity fentanyl dealer." The Commonwealth argued that Lanier's testimony that he only had three customers and he did not use his firearms to facilitate his drug trafficking was incredible. The trial court sentenced Lanier to twenty years of incarceration with twelve years suspended. Lanier timely filed a motion "to reopen and reinstate this matter on the docket" and "grant [him] a rehearing on the sentencing of this case, as new evidence in the form of a video has been obtained." He did not proffer the video with the motion. The trial court denied the motion. Lanier now appeals.

## ANALYSIS

On appeal, Lanier contends that his eight-year active sentence is a cruel and unusual punishment in violation of the Eighth Amendment. He further asserts that the trial court abused its discretion by denying his motion to reconsider the sentence. We disagree.

### I. Proportionality Review

This Court reviews the trial court's sentence for abuse of discretion. *Scott v. Commonwealth*, 58 Va. App. 35, 46 (2011). "[W]hen a statute prescribes a maximum imprisonment penalty and the sentence does not exceed that maximum, the sentence will not be overturned as being an abuse of discretion." *Minh Duy Du v. Commonwealth*, 292 Va. 555, 564 (2016) (quoting *Alston v. Commonwealth*, 274 Va. 759, 771-72 (2007)).

Lanier pled guilty to possession of a firearm while in possession of a Schedule II controlled substance and possession with intent to distribute fentanyl, a Schedule II substance. Lanier faced a statutory maximum sentence of forty years on the former conviction, Code § 18.2-248(C), and a maximum sentence of five years on the latter conviction, Code §§ 18.2-10, 18.2-308.4. Lanier's sentence falls under the authorized statutory maximum. Therefore, the trial court did not abuse its discretion by imposing that sentence. *Minh Duy Du*, 292 Va. at 564.

Further, we have generally declined to conduct a proportionality review in cases involving sentences less than life imprisonment without the possibility of parole. *See Cole v. Commonwealth*, 58 Va. App. 642, 653-54 (2011). We noted in *Cole* that the Supreme Court of the United States "has never found a non-life 'sentence for a term of years within the limits authorized by statute to be, by itself, a cruel and unusual punishment' in violation of the Eighth Amendment." *Id.* at 653 (quoting *Hutto v. Davis*, 454 U.S. 370, 372 (1982) (per curiam)). Accordingly, we decline to conduct a proportionality review of Lanier's eight-year active sentence.

## II. Motion to Reconsider

Lanier also challenges the trial court's denial of his motion to reconsider his sentence. This Court reviews a trial court's denial of a defendant's motion to reconsider for abuse of discretion. *Winston v. Commonwealth*, 268 Va. 564, 620 (2004). A court abuses its discretion if it: (1) fails "to consider a relevant factor that should have been given significant weight," (2) "consider[s] and giv[es] significant weight to an irrelevant or improper factor," or (3) "commits a clear error of judgment." *Fields v. Commonwealth*, 73 Va. App. 652, 672 (2021). We will find an abuse of discretion only when "reasonable jurists could not differ." *Hicks v. Commonwealth*, 71 Va. App. 255, 275 (2019).

"If a person has been sentenced for a felony to the Department of Corrections," and "it appears compatible with the public interest and there are circumstances in mitigation of the offense," the trial court "may, at any time before the person is transferred to the Department, or within 60 days of such transfer, suspend or otherwise modify the unserved portion of such a sentence." Code § 19.2-303. In his second assignment of error, Lanier contends that the trial court should have granted his motion to reconsider "based on additional video evidence that was not available at sentencing" and "would have shown [his] reasonable use of firearms." But

Lanier neither proffered the video to the trial court nor explained why the video supported his motion to reconsider his sentence. Accordingly, the trial court did not abuse its discretion by denying the motion because nothing in the record supported reconsideration.

Lanier also contends that the trial court abused its discretion in denying his motion to reconsider because the trial court "erroneously limited its consideration of mitigation evidence" when it sentenced Lanier. But Lanier did not make this argument in his motion to reconsider. "No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." Rule 5A:18. "The purpose of this contemporaneous objection requirement is to allow the trial court a fair opportunity to resolve the issue at trial, thereby preventing unnecessary appeals and retrials." *Creamer v. Commonwealth*, 64 Va. App. 185, 195 (2015).

Lanier does not invoke the good cause or ends of justice exceptions to Rule 5A:18, and this Court will not apply the exceptions sua sponte. *Edwards v. Commonwealth*, 41 Va. App. 752, 761 (2003) (en banc). Accordingly, we do not consider his argument that the trial court erred in denying his motion to reconsider because the court erroneously limited its consideration of mitigation evidence.

CONCLUSION

For these reasons, we affirm the trial court's judgment.

*Affirmed.*