COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:  Judges AtLee, Causey and Callins


AUSTIN E. KERSEY

v.      Record No. 1065-22-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION*
PER CURIAM
JUNE 13, 2023


FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Everett A. Martin, Jr., Judge

(J. Barry McCracken, Assistant Public Defender, on brief), for
appellant.

(Jason S. Miyares, Attorney General; Susan Hallie Hovey-Murray,
Assistant Attorney General, on brief), for appellee.


Austin E. Kersey appeals from the decision of the Circuit Court of the City of Norfolk

revoking a portion of his previously suspended sentence.  Kersey contends that the trial court

abused its discretion by imposing a total of one year and four months' incarceration because it

"focused on incapacitation" and failed to give proper weight to his mitigating evidence, including

his desire to overcome his drug addiction, his active sentence for his new misdemeanor offenses,

and his opportunity to receive inpatient therapeutic treatment.  After examining the briefs and record

in this case, the panel unanimously holds that oral argument is unnecessary because "the appeal is

wholly without merit."  Code § 17.1-403(ii)(a); Rule 5A:27(a).  We affirm the decision of the trial

court.

---

* This opinion is not designated for publication.  *See* Code § 17.1-413.

BACKGROUND

"On appeal, '[w]e "view the evidence received at [a] revocation hearing in the light most favorable to the Commonwealth, as the prevailing party, including all reasonable and legitimate inferences that may properly be drawn from it."'" *Green v. Commonwealth*, 75 Va. App. 69, 76 (2022) (alterations in original) (quoting *Johnson v. Commonwealth*, 296 Va. 266, 274 (2018)). "[T]he trial court's 'findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion.'" *Id.* (quoting *Jacobs v. Commonwealth*, 61 Va. App. 529, 535 (2013)).

In September 2020, the trial court convicted Kersey of strangulation under a written plea agreement. The court sentenced Kersey to five years' imprisonment with four years and five months suspended, conditioned upon good behavior and the successful completion of five years' supervised probation. In addition, the trial court ordered Kersey to "have no contact" with the victim. In May 2021, the trial court revoked and resuspended Kersey's sentence, in part.

Kersey finished his term of active incarceration and began supervised probation in May 2021. In October 2021, Kersey's probation officer reported that Kersey's adjustment to supervised probation was "poor" because Kersey had incurred new convictions for violation of protective orders, destruction of property, and trespassing. In addition, he had incurred new charges for assault and battery of a family member and misdemeanor failure to appear. The trial court issued a capias on October 8, 2021, which was served on Kersey on January 9, 2022. In an addendum, Kersey's probation officer reported that Kersey had been convicted of assault and battery of a family member.[1] Kersey received a total of 20 months and 90 days of active incarceration for his new convictions.

---

[1] Kersey's pending charge for misdemeanor failure to appear was dismissed. In addition, other charges for assault and battery of a family member, strangulation, and abduction by force were nolle prossed.

At the revocation hearing, Kersey admitted that he had violated the terms and conditions of his previously suspended sentence. Sarah Soyars testified that she was in a "romantic" relationship with Kersey for "the past year or two." Soyars contended that Kersey was a "good person who made mistakes" and had had a "rough upbringing." According to Soyars, Kersey was not aggressive or violent except when he used drugs. Soyars had submitted an application to an inpatient treatment facility where Kersey would receive the "foundation and tools he need[ed] to succeed" in his drug addiction recovery. After Kersey completed the inpatient treatment, he would be transferred to "sober living."

Soyars acknowledged that she was the victim of Kersey's most recent conviction for assault and battery of a family member. She was also the recipient of the protective order that Kersey had violated on three separate occasions. Soyars explained, however, that she had since had the protective order dissolved.

Kersey proffered that he was raised in a "broken home" and, at 14 years old, started smoking crack cocaine with his addicted mother. Kersey contended that he often maintained his sobriety but, at other times, was "overcome by his addiction." Kersey had completed a "jail-based" substance abuse treatment program and wanted to "take his sobriety skills to the next level." Kersey acknowledged that he needed additional treatment but noted that he could not participate in an inpatient substance abuse treatment program if he was incarcerated. Thus, Kersey asked the trial court to impose a sentence that would allow him to attend inpatient therapy because the jail did not offer any other programs that would help him.

The Commonwealth asked the trial court to impose a sentence at the high end of the sentencing guidelines.[2] The Commonwealth argued that Kersey had been convicted in 2017 and 2018 for assault and battery against a different woman and he continued to assault women. The Commonwealth acknowledged that Kersey was working toward sobriety but noted that this was Kersey's second probation violation and he had incurred "multiple" new misdemeanor convictions that were similar to his underlying offenses.

In rebuttal, Kersey stressed that his substance abuse was the "root of [his] problem" and the trial court could not "incarcerate someone into sobriety." Kersey noted that when he was released from incarceration, he would be in the "same position" that he was in now because he would not receive the "benefit of inpatient rehab and sober living." Kersey argued that rehabilitation and sober living were his "best chance" to transition from an "institutionalized lifestyle and back into the community." In Kersey's view, incarceration would prove a "disservice" to him and "these young women" because incarceration did not address the "root cause of the problem."

The trial court found appellant in violation of the terms and conditions of his probation, noting that incarcerating Kersey would be "doing women somewhat a favor" by protecting them. In allocution, Kersey stated that he was raised in a "domestic situation" and watched his mother suffer physical abuse. As he grew older, Kersey claimed that he became a "body guard, a shield" for his mother. When he was released from prison, Kersey was "on the right path" but, when his sister and her child died, he fell into addiction. Kersey apologized for hurting the victims, stating that he felt "bad" for his actions; he contended that he loved the victims. He acknowledged that he treated the victims the same way he "grew up watching" his mother being treated. He stressed that he wanted to "break the cycle" of abuse, "separat[e] from drugs," and give himself a "chance."

---

[2] The discretionary sentencing guidelines recommended a sentencing range of three months to one year imprisonment.

Having found appellant in violation, the trial court revoked his previously suspended sentence and resuspended three years. Thus, the trial court imposed a total of one year and four months' active incarceration. Kersey appeals.

ANALYSIS

After suspending a sentence, a trial court "may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court." Code § 19.2-306(A). "If the court, after hearing, finds good cause to believe that the defendant has violated the terms of suspension, then the court may revoke the suspension and impose a sentence in accordance with the provisions of § 19.2-306.1." Code § 19.2-306(C). "The court may again suspend all or any part of this sentence for a period up to the statutory maximum period for which the defendant might originally have been sentenced to be imprisoned, less any time already served, and may place the defendant upon terms and conditions or probation." *Id.*

Kersey does not contend that the trial court did not have sufficient cause to revoke his suspended sentence. Indeed, he admitted that he was in violation. Rather, Kersey argues that the trial court abused its sentencing discretion because it "focused on [his] incapacitation" and failed to give proper weight to his mitigating evidence. He asserts that his addiction was the "primary source" of his issues and the trial court should have tailored a sentence that allowed him to pursue his desire to overcome his addiction through inpatient therapeutic treatment. He also argues that his active incarceration on the new misdemeanor offenses was "adequate" and further incarceration was unnecessary. Kersey concludes that a sentence that allowed him to receive treatment would have benefited him and society by ensuring his "future compliance with social norms."

Relevant to Kersey's claim, Code § 19.2-306.1(B) provides that "[i]f the court finds the basis of a violation of the terms and conditions of a suspended sentence or probation is that the

defendant was convicted of a criminal offense that was committed after the date of the suspension, . . . then the court may revoke the suspension and impose or resuspend *any or all* of that period previously suspended." (Emphasis added). The record demonstrates that Kersey suffered several new criminal convictions during the suspension period. Thus, it was within the trial court's discretion to "impose or resuspend any or all" of the previously suspended sentence. *Id.*

It was equally within the trial court's purview to weigh any mitigating factors Kersey presented, such as his active sentence on his new convictions, addiction, and desire to receive inpatient therapeutic treatment. *See Keselica v. Commonwealth*, 34 Va. App. 31, 36 (2000). Balanced against that mitigating evidence, however, were significant facts in aggravation. Indeed, Kersey incurred "several" new misdemeanor convictions of the same nature as his underlying offense while on probation.

"The statutes dealing with probation and suspension are remedial and intended to give the trial court valuable tools to help rehabilitate an offender through the use of probation, suspension of all or part of a sentence, and/or restitution payments." *Howell v. Commonwealth*, 274 Va. 737, 740 (2007). Kersey's convictions for new offenses support the trial court's conclusion that he was not amenable to rehabilitation. "When coupled with a suspended sentence, probation represents 'an act of grace on the part of the Commonwealth to one who has been convicted and sentenced to a term of confinement.'" *Hunter v. Commonwealth*, 56 Va. App. 582, 587 (2010) (quoting *Price v. Commonwealth*, 51 Va. App. 443, 448 (2008)). Kersey failed to make productive use of the grace that had been extended to him and instead incurred new convictions "of the same nature" as his underlying offense. Accordingly, we hold that the sentence the trial court imposed represents a proper exercise of its sentencing discretion. *See Alsberry v. Commonwealth*, 39 Va. App. 314, 321-22 (2002) (finding the court did not abuse its discretion by imposing the defendant's previously

suspended sentence in its entirety "in light of the grievous nature of [the defendant's] . . . offenses and his continuing criminal activity").[3]

CONCLUSION

Finding no abuse of discretion, we affirm the trial court's judgment.

*Affirmed.*

---

[3] To the extent Kersey argues that his sentence was disproportionate to his probation violation, it is well established that we will not engage in a proportionality review in cases that do not involve life sentences without the possibility of parole. *Cole v. Commonwealth*, 58 Va. App. 642, 653-54 (2011). We noted in *Cole* that the Supreme Court of the United States "has never found a non-life 'sentence for a term of years within the limits authorized by statute to be, by itself, a cruel and unusual punishment' in violation of the Eighth Amendment." *Id.* at 653 (quoting *Hutto v. Davis*, 454 U.S. 370, 372 (1982) (per curiam)); *cf. Vasquez v. Commonwealth*, 291 Va. 232, 243 (2016) (rejecting Eighth Amendment challenge to 133-year active sentence because the sentence was imposed for "eighteen separate crimes").