COURT OF APPEALS OF VIRGINIA

Present: Judges Malveaux, Ortiz and Friedman

BRIAN KENNETH ROBINSON, II

v.      Record No. 1018-22-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*]
PER CURIAM
OCTOBER 24, 2023

FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
James C. Lewis, Judge

(Scott F. Hallauer; Hallauer Law Firm, on brief), for appellant.
Appellant submitting on brief.

(Jason S. Miyares, Attorney General; Leah A. Darron, Senior
Assistant Attorney General, on brief), for appellee. Appellee
submitting on brief.

Brian Kenneth Robinson, II, appeals the circuit court's judgment revoking his previously

suspended sentence and imposing five years' active incarceration. He contends that the circuit court

abused its sentencing discretion because the five-year active sentence was excessive and did not

account for his mitigating evidence. Both parties waived oral argument. Code § 17.1-403(ii).

Finding no error, we affirm the circuit court's judgment.

BACKGROUND

On October 23, 1996, the circuit court convicted Robinson of first-degree murder upon

his guilty plea. Consistent with a written plea agreement, on January 7, 1997, the circuit court

sentenced him to 40 years' incarceration with 17 years suspended conditioned on successfully

completing supervised probation and paying court costs. On November 22, 2018, Robinson's

probation officer reported that he was arrested for driving while intoxicated and had tested

---

[*] This opinion is not designated for publication. See Code § 17.1-413(A).

positive for using marijuana and cocaine. In addenda, the probation officer reported that Robinson had an additional pending charge for reckless driving and had tested positive for marijuana six more times. On July 17, 2019, the circuit court found Robinson in violation of the terms of his suspension, revoked and resuspended all but 30 days of his previously suspended sentence, and returned him to supervised probation.

On November 4, 2021, Robinson was convicted of possessing a firearm after being convicted of a non-violent felony and sentenced to five years' incarceration with one year and four months suspended. Robinson's probation officer reported the conviction to the circuit court, which issued a show cause capias on March 4, 2022. Robinson was arrested on the capias on March 8, 2022.

At the revocation hearing, Robinson stipulated that he had violated the terms of his probation and the circuit court found him in violation. During sentencing, the circuit court considered the discretionary probation violation sentencing guidelines, which recommended imposing between six months and one year and six months' incarceration. Additionally, Robinson proffered that he was only 17 years old when the circuit court convicted him of first-degree murder and, since then, he had been working as a "Class A truck driver." Robinson argued that he had "taken responsibility for his actions" and asked the circuit court to impose an active sentence within the sentencing guidelines' recommended range.

The circuit court found that Robinson's firearm conviction demonstrated that he remained a "danger to the community." Accordingly, the circuit court revoked and resuspended all but five years of Robinson's previously suspended sentence. Robinson appeals.

## ANALYSIS

"On appeal, '[w]e "view the evidence received at [a] revocation hearing in the light most favorable to the Commonwealth, as the prevailing party, including all reasonable and legitimate

- 2 -

inferences that may properly be drawn from it."'" *Green v. Commonwealth*, 75 Va. App. 69, 76 (2022) (alterations in original) (quoting *Johnson v. Commonwealth*, 296 Va. 266, 274 (2018)). "'[T]he trial court's "findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion."'" *Id.* (quoting *Jacobs v. Commonwealth*, 61 Va. App. 529, 535 (2013)).

After suspending a sentence, a trial court "may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court." Code § 19.2-306(A). "If the court, after hearing, finds good cause to believe that the defendant has violated the terms of suspension, then the court may revoke the suspension and impose a sentence in accordance with the provisions of § 19.2-306.1." Code § 19.2-306(C). Robinson does not challenge the circuit court's revocation of his previously suspended sentence. Rather, he contends that the circuit court abused its sentencing discretion by imposing five years' active incarceration. He emphasizes that the five-year sentence exceeded the period of incarceration recommended under the discretionary probation violation sentencing guidelines, as well as the active sentence he received for his firearm conviction. Additionally, Robinson contends that the circuit court failed to consider that he "expressed remorse," "accepted responsibility" for the violation, and was gainfully employed, which he asserts demonstrates that his sentence was an abuse of discretion. We disagree.

As relevant here, Code § 19.2-306.1(B) provides that "[i]f the court finds the basis of a violation of the terms and conditions of a suspended sentence or probation is that the defendant was convicted of a criminal offense that was committed after the date of the suspension, . . . then the court may revoke the suspension and impose or resuspend any or all of that period previously suspended." The record demonstrates that Robinson incurred a new criminal conviction during the suspension period. Thus, it was within the circuit court's discretion to "impose or resuspend

any or all" of the previously suspended sentence. *Id.* It was equally within the circuit court's purview to weigh any mitigating factors appellant presented, such as his employment and expression of remorse. *See Keselica v. Commonwealth*, 34 Va. App. 31, 36 (2000). The circuit court was not obligated, however, to explain the specific weight it afforded to each piece of evidence, as Robinson implies. Indeed, "[a]bsent a statutory requirement to do so, 'a trial court is not required to give findings of fact and conclusions of law.'" *Bowman v. Commonwealth*, 290 Va. 492, 500 n.8 (2015) (quoting *Fitzgerald v. Commonwealth*, 223 Va. 615, 627 (1982)).

The record establishes that while on probation for first-degree murder, Robinson incurred yet another criminal conviction for a violent offense by unlawfully possessing a firearm. "The statutes dealing with probation and suspension are remedial and intended to give the trial court valuable tools to help rehabilitate an offender through the use of probation, suspension of all or part of a sentence, and/or restitution payments." *Howell v. Commonwealth*, 274 Va. 737, 740 (2007). Robinson's conduct supports the circuit court's finding that he was not amenable to rehabilitation. "When coupled with a suspended sentence, probation represents 'an act of grace on the part of the Commonwealth to one who has been convicted and sentenced to a term of confinement.'" *Hunter v. Commonwealth*, 56 Va. App. 582, 587 (2010) (quoting *Price v. Commonwealth*, 51 Va. App. 443, 448 (2008)). Robinson disregarded the "grace" that had been extended to him by continuing to commit offenses.

To the extent Robinson contends that his sentence was an abuse of discretion because it exceeded the probation sentencing guidelines' recommended range, it is well-established that those sentencing guidelines "are discretionary, rather than mandatory." *West v. Dir., Dep't of Corrs.*, 273 Va. 56, 65 (2007). "Accordingly, a circuit court's failure to follow the guidelines is 'not . . . reviewable on appeal.'" *Fazili v. Commonwealth*, 71 Va. App. 239, 248-49 (2019) (alteration in original) (quoting Code § 19.2-298.01(F)). Similarly, to the extent Robinson's

argument challenges the proportionality of his sentence, this Court declines to engage in a proportionality review in cases that do not involve life sentences without the possibility of parole. *Cole v. Commonwealth*, 58 Va. App. 642, 654 (2011). We noted in *Cole* that the United States Supreme Court "has never found a non-life 'sentence for a term of years within the limits authorized by statute to be, by itself, a cruel and unusual punishment' in violation of the Eighth Amendment." *Id.* at 653 (quoting *Hutto v. Davis*, 454 U.S. 370, 372 (1982) (per curiam)). *Cf. Vasquez v. Commonwealth*, 291 Va. 232, 243 (2016) (rejecting Eighth Amendment challenge to 133-year active sentence because the sentence was imposed for "eighteen separate crimes"). Accordingly, we decline to conduct a proportionality review in this case. *Cole*, 58 Va. App. at 653.

"For probation to have a deterrent effect on recidivism, real consequences must follow a probationer's willful violation of the conditions of probation." *Price*, 51 Va. App. at 449. Upon review of the record in this case, we conclude that the sentence the circuit court imposed was a proper exercise of judicial discretion. *See Brittle v. Commonwealth*, 54 Va. App. 505, 520 (2009) (affirming the court's imposition of a five-year sentence with three years suspended for third offense larceny).

CONCLUSION

For the above reasons, we affirm the circuit court's judgment.

*Affirmed*.